**Wesley GABEL and Leora Gabel, Appellants,**

**v.**

**Floyd Lester BIRD, Jr., Defendant,**

**and**

**State Farm Mutual Automobile Insurance Company, Garnishee-Respondent.**

No. 52528.

Supreme Court of Missouri, Division No. 1.

Dec. 11, 1967.

Motion for Rehearing or for Transfer to Court En Banc Denied Jan. 8, 1968.

**342**

Mogab & Hughes, by Richard L. Hughes, St. Louis, for appellants.

James A. Cole, Jenny & Cole, Union, for respondent.

HENRY J. WESTHUES, Special Commissioner.

This is a garnishment proceeding instituted by Wesley Gabel and his wife Leora to recover $20,000 from the State Farm Mutual Automobile Insurance Company. A trial was had in the Circuit Court of Franklin County, Missouri. A jury was waived and the court found the issues in favor of the garnishee. A motion for a new trial was denied and plaintiffs appealed.

The facts culminating in the garnishment proceeding were as follows.

On February 21, 1964, Wesley Gabel gave Floyd Bird, Jr., permission to use Gabel's car for the purpose of taking Gabel's daughter Judith, aged 17, to Bird's home in Sullivan. On the return trip, while Bird was driving on Interstate 44, the car overturned, causing Judith's death. Wesley Gabel and his wife filed suit against Bird and obtained a judgment for $20,000. Judith was an unemancipated child residing with her parents.

It was admitted that State Farm Mutual was notified by both Gabel and Bird of the suit. State Farm Mutual refused to defend Bird on the theory that the policy of insurance issued to Wesley Gabel did not cover Judith Gabel because she was an *insured* under the policy issued to Wesley Gabel.

The policy of insurance was introduced in evidence and was reproduced in plaintiffs' brief. We shall set forth the clauses deemed material by plaintiffs, together with plaintiffs' statement of the issues. They are as follows:

"On June 7, 1966, a trial was held on the garnishment proceeding. The issue as reflected in the pleadings was whether as a matter of law, garnishee's insurance policy (Plaintiff's Exhibit 5, Garnishee's Ex-

hibit A), (a) provides liability coverage to Floyd Bird, Jr., and/or (b) excludes Judith Gabel from policy benefits. The policy clauses which are the crux of this dispute read as follows:

## "INSURING AGREEMENT I—THE OWNED AUTOMOBILE

"COVERAGES A and B—

(A) Bodily Injury Liability and

(B) Property Damage Liability.

"(1) To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of (A) bodily injury sustained by other persons, * * *.

## "DEFINITIONS—INSURING AGREEMENTS I AND II

"Insured—under coverages A, B, C and M the unqualified word 'insured' includes

"(1) the named insured, and

"(2) if the named insured is a person or persons, also includes his or their spouse(s), if a resident of the same household, and

"(3) if residents of the same household, the relatives of the first person named in the declarations, or of his spouse, and

"(4) any other person while using the owned automobile, provided the operation and the actual use of such automobile are with the permission of the named insured or such spouse and are within the scope of such permission * * *.

## "EXCLUSIONS—INSURING AGREEMENTS I AND II

"This insurance does not apply under: * * * (i) coverage A, to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured; * * *.

## "POLICY CONDITIONS—APPLICABLE TO ALL COVERAGES UNLESS OTHERWISE NOTED

" * * * 9. Joint and Several Interests. If two or more insureds are named in the declarations, this policy shall apply to them jointly and severally, unless otherwise specifically stated herein, but the inclusion of more than one insured shall not operate to increase the limits of the company's liability."

Under "Points and Authorities" plaintiffs state that "The Court erred in failing to find that as a matter of law, Judith Gabel was not excluded from benefits under Respondent's insurance policy and particularly the 'Exclusions—Insuring Agreements I and II' of Plaintiffs' Exhibit 5 because as a matter of (a) grammar, (b) syntax, (c) law, the definition of 'insured' contained in the paragraphs entitled 'Definitions—Insuring Agreements I and II' does not apply to the term 'insured' when used in the 'Exclusions—Insuring Agreements I and II' clause."

■ Plaintiffs in their brief contend that the provisions of the policy are ambiguous and that policies of insurance must be liberally construed in favor of the insured. That is the correct rule when ambiguous clauses are contained in the policy. However, courts do not rewrite insurance contracts and may not create an ambiguity where none is present. Lynch v. National Life & Acc. Ins. Co., Mo.App., 278 S.W.2d 32, l. c. 34 [3, 4].

■ We are unable to discover any ambiguity in the provisions of the policy that are applicable to the parties in this case. As we understand the terms of the policy, State Farm Mutual by "Insuring Agreement I" contracted to pay for the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury sustained by other persons.

The next clause, "Definitions—Insuring Agreements I and II," defines the word

*insured* to include the insured in this case, Wesley Gabel, his wife Leora, their daughter Judith, and Floyd Lester Bird, Jr., who operated the car in question with permission of Wesley Gabel.

Next, the vital "Exclusions" clause. This clause plainly states that "This insurance does not apply under: * * * (i) coverage A, to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured * * *." That certainly included Judith, the injured person. It was admitted that Judith was a member of the family and resided with her parents. Clearly, Judith, had she lived, could not have recovered from State Farm Mutual under the policy even if she had obtained a judgment against Bird. In these circumstances, the parents cannot recover on the policy of insurance.

The last clause, "9. Joint and Several Interests," relied on by plaintiffs, does not affect any issue in the present case.

The conclusion we have reached is supported by cases from a number of states, as well as cases decided by our courts of appeal and our supreme court. In the case of Hogg v. State Farm Mutual Automobile Ins. Co., 276 Ala. 366, 162 So.2d 462, an identical question to the one before us, the Supreme Court of Alabama held the exclusion clause applicable and the State Farm Mutual was held not to be liable. The court in that case disposed of the question in a brief opinion approving a similar ruling in a previous case where the question was treated at length. Michigan Mutual Liability Co. v. Carroll, 271 Ala. 404, 123 So.2d 920, l. c. 924, 925 [3–5]. The Supreme Court of Minnesota in Pearson v. Johnson, 215 Minn. 480, 10 N.W.2d 357, had before it a case much like the one before us and held that the exclusion clause governed the situation. Other like cases are: Great American Ins. Co. v. State Farm Mut. Auto. Ins. Co., 412 Pa. 538, 194 A.2d 903,

and Kirk v. State Farm Mutual Automobile Ins. Co., 200 Tenn. 37, 289 S.W.2d 538.

. The courts of appeal in our state and our supreme court have ruled on similar situations. In the case of Sibothan v. Neubert, Mo.App., 168 S.W.2d 981, l. c. 984 [2], the St. Louis Court of Appeals had the following to say: "However, the 'risks not covered' clause is no less entitled to be accorded its effect; and it provides that the policy shall not cover claims for injury of the 'insured.' Since plaintiff was clearly included within the definition of the unqualified term 'insured', liability for her injury was one of the risks not covered by the policy; and the court was right in its decision in favor of the garnishees."

The Kansas City Court of Appeals followed the Sibothan case in Perkins v. Perkins, Mo.App., 284 S.W.2d 603, l. c. 610, 611.

Division One of this court, in the case of State Farm Mutual Auto. Ins. Co. v. Ward, Mo., 340 S.W.2d 635, held that the exclusion clause in question was valid and covered members of the family of the person insured residing in the same household.

Plaintiffs in their brief say that Floyd Bird, Jr., was not a member of the Gabel family and "needs insurance protection for this potential liability." The fact remains that Judith Gabel was a member of the Gabel family, and State Farm Mutual under the policy, was not liable for injuries to Gabel and members of his family residing in his household. This court is powerless to change the plain terms of the insurance contract in question.

It follows that the judgment of the trial court should be and is hereby affirmed.

PER CURIAM:

The foregoing opinion by HENRY J. WESTHUES, Special Commissioner, is adopted as the opinion of the court.

All concur.