Kathleen M. TICKNER, Plaintiff-Respondent,

v.

UNION INSURANCE COMPANY, a corporation, Defendant-Appellant.

No. 8685.

Springfield Court of Appeals.

Missouri.

Feb. 20, 1968.

David Donnelly, David E. Wilhite, Donnelly & Donnelly, Lebanon, for defendant-appellant.

Russell G. Clark, Allen, Woolsey & Fisher, Springfield, for plaintiff-respondent.

HOGAN, Presiding Judge.

This is an action for a declaratory judgment to determine whether or not the plaintiff has coverage as an omnibus insured under the defendant's combination automobile liability policy issued to one Charles A. Sherer and his wife, Maurine Sherer. The trial court has ruled that there is coverage, and the insurer has appealed.

The facts have been stipulated. On December 30, 1963, the plaintiff, her husband and her sister-in-law, Mrs. Sherer, were en route to Jackson, Mississippi, in Mrs. Sherer's car. Mrs. Tickner, the plaintiff, was driving, with Mrs. Sherer's express consent and permission. An accident occurred, and Mrs. Sherer sustained fatal injuries. Mrs. Sherer's husband then filed a wrongful death action against Mrs. Tickner in Camden County, Missouri, and Mrs. Tickner called upon the insurer to appear and defend her under Mrs. Sherer's policy. The insurer refused and this action followed.

The defendant insurer's Combination Automobile Policy was issued to Mrs. Sherer and her husband, Charles A. Sherer, in Missouri on May 15, 1963, and was in force when the fatal accident occurred. It contains, among others, the following provisions:

1. Under "Insuring Agreements":

   " * * * Coverage A—To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and arising out of the ownership, maintenance or use of the automobile."

2. Under "Definition of Insured" (omnibus clause):

   "(a) With respect to the insurance for bodily injury liability * * * the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. * * *" [Then follow some qualifications not material here.]

3. Under "Exclusions":

   "This policy does not apply: * * * (d) under Coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured, or (3) to bodily injury to (1) the insured's spouse or any relative of either, if such spouse or relative is a resident of the same household as such insured, or (2) the

insured named in Item 1 of the declarations * * *."

4. Under "Severability of Interests—Coverages A and B":

"The term 'the insured' is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability."

The problem, so to speak, is to identify "the insured" within the meaning of paragraph (d) of the exclusions.

■ Preliminarily, we may consider and summarily dispose of two formal aspects of the appeal. First, we have primary appellate jurisdiction, although Mr. Sherer prays damages of $50,000.00 in the wrongful death action which he has filed against the plaintiff. The relief sought in this case was a declaration that there is coverage if plaintiff's liability in the wrongful death action is established, but the amount of liability will remain contingent no matter how this case is resolved. The fact that an amount in excess of our jurisdictional limit may become involved is not sufficient to vest original appellate jurisdiction in our Supreme Court, and the appeal is properly lodged here. Republic Insurance Co. v. Hearn, Mo., 414 S. W.2d 549, 551 [1, 2]; Cotton v. Iowa Mut. Liability Ins. Co., 363 Mo. 400, 404–405, 251 S.W.2d 246, 249 [3–5]. We also conclude, as the parties have assumed, that the policy must be construed according to the law of Missouri. The question of a choice of law involves several considerations, but we will not extend this opinion by discussing them at length. Mr. Sherer's rights ex delicto are governed by the law of Mississippi, Hall Motor Freight v. Montgomery, 357 Mo. 1188, 1195, 212 S. W.2d 748, 753, 2 A.L.R.2d 1292, 1297, and although the policy provides coverage "while the automobile is within the United States of America, its territories, possessions, or Canada," and thus contemplates performance in many jurisdictions, the policy was issued in Missouri, and in the final analysis the only practicable choice of law is that of the place of execution. General Accident Fire & Life Assurance Corp. v. Ganser, 2 Misc.2d 18, 150 N.Y.S.2d 705, 708–709 [1–5]; Leflar, Conflict of Laws, § 132, pp. 249–250 (1959). See also Bartlett & Company, Grain v. Merchants Company, 5 Cir., 323 F.2d 501, 505 [1].

Mrs. Tickner, maintaining that she has coverage in this case as an additional or omnibus insured, contends that for exclusionary purposes "the insured" means only the person claiming coverage. Very broadly stated, her argument is that she, as permittee, is an insured under the omnibus clause;[1] that the severability provision[2] was intended to, and does, compel consideration of each "insured" separately and independently of every other insured for exclusionary purposes, and therefore the "family" or "household" exclusion[3] in this case refers to and excludes only *her* family, spouse or resident members of their household, and not that of the named insured. Thus, plaintiff maintains she has coverage as to Mrs. Sherer, although she would presumably not have coverage had her own husband been injured while she was driving.

In part, the respondent bases this argument on cases dealing with the so-called employee exclusion. Most automobile liability policies exclude bodily injury to any employee of "the insured" arising out of and in the course of his employment. Inevitably, the question has arisen: Which employer's employees are precluded from recovery by this exclusion? Many courts, and at least two very careful students of

1. Quoted as No. 2, above, under "Definition of Insured."

2. Quoted as No. 4, above, "Severability of Interests."

3. Quoted as No. 3, beginning with the words " * * * or (3) to bodily injury to (1) the insured's spouse or any relative," etc.

the field, take the view that for exclusionary purposes the unqualified words "the insured" mean only the person claiming coverage, and therefore the employee exclusion denies coverage to any particular insured, named or omnibus, only with respect to his own employees.[4] This follows, so it is argued, because the omnibus provisions define "the insured" to include not only the named insured but his permittees, etc., the exclusion refers only to "the insured" not to "the named insured" and the severability provisions compel consideration of each insured separately and independently for the purpose of ascertaining the coverage of each. Thus construed, the policy provides coverage for an omnibus insured for injury to an employee of the named insured, but provides no coverage for injury to an employee of the omnibus insured.[5]

Some courts have adopted a similar construction of the provisions excluding bodily injury to the insured or any member of the insured's family residing in the same household, holding that the family or household exclusion denies coverage only to the insured, named or omnibus, who is claiming coverage and the resident members of his family. So in Farmers Insurance Exchange v. Frederick, 244 Cal.App. 2d 776, 53 Cal.Rptr. 457, 459–462 [2], the court held there was bodily injury coverage for the permittee for injury to the named insured; the same conclusion was reached in a wrongful death action in State Farm Mutual Automobile Ins. Co. v. Madison, 11 Ill.App.2d 206, 136 N.E.2d 533, on the ground that the words "the insured" in the family or household exclusion were ambiguous. Nevertheless, our courts, and many others, reject this construction and hold that there is no coverage for an omnibus insured for injury to the named insured or a resident member of the named insured's household.[6] The *Gabel* case, in fact, rules squarely on the point presented here, for in the Gabel case coverage was sought for a permittee for injury to a member of the named insured's household. If the merits of this appeal depended solely upon the construction of the words "the insured" in the family or household exclusion, we would have to hold that there is no coverage for Mrs. Tickner for injury to Mrs. Sherer.

■ There is another and additional reason, however, why we must rule there is no coverage in this case. The policy before us not only excludes injuries to "the insured's spouse or any relative of either, if such spouse or relative is a resident of the same household as such insured"; it goes further and specifically excludes bodily injury to "(2) *the insured named in Item 1 of the declarations * * *.*" (Emphasis added.) On the specimen form, which was all that was filed here, "Item 1" calls for "Named Insured and Address." It is stipulated that the policy was executed to both Charles A. and Maurine Sherer. Both are named insureds. In our view, it would scarcely be possible to exclude claims for injury to the named insured in more specific language.

4. As expositive of this view, see Shelby Mutual Insurance Co. v. Schuitema, Fla. App., 183 So.2d 571, 573–574; Risjord and Austin, "Who is 'The Insured'?" 24 U.Kan.City L.Rev. 65 (1955), and the same authors' "Who is 'The Insured' Revisited," 28 Ins. Counsel J. 100 (1961).

5. Pepsi-Cola Bottling Co. of Charleston v. Indemnity Ins. Co., 4 Cir., 318 F.2d 714, 715–716; Western Freight Ass'n. v. Aetna Casualty & Surety Co., D.C.Pa., 255 F.Supp. 858, 861 [3] [4]; Anno., 50 A.L.R.2d 78, 97, § 6 [a] (1956) and

Supp. (1967) pp. 105–106; Risjord and Austin, supra, 100 Ins. Counsel J. at 102–103.

6. Gabel v. Bird, Mo., 422 S.W.2d 341, 343–344 [3]; Perkins v. Perkins, Mo.App., 284 S.W.2d 603, 610–611; Hogg v. State Farm Mutual Automobile Insurance Co., 276 Ala. 366, 162 So.2d 462; Pearson v. Johnson, 215 Minn. 480, 10 N.W.2d 357; State Farm Mut. Auto. Ins. Co. v. Cocuzza, 91 N.J.Super. 60, 219 A.2d 190, 192–193 [2–4].

It is further argued that subparagraph (3) of paragraph (d), above, does not exclude fatal injuries because the word "death" is not repeated after the words " * * * or (3) to bodily injury to" etc., and because the word "death" specifically appears in certain other exclusionary provisions of the policy. This argument is strained and without merit. Davis v. Liberty Mutual Insurance Co., 8 Cir., 308 F.2d 709, 710–711.

For the reasons indicated, the judgment must be reversed. It is so ordered.

STONE, and TITUS, JJ., concur.