**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent,**

v.

**Steve THOMAS et al., Appellants.**

**No. KCD 28203.**

Missouri Court of Appeals,
Kansas City District.

April 4, 1977.

Ralph O. Wright and Gary W. Collins, Kansas City, for appellants Diana L. Thomas, Harvey H. Thomas and Helen Thomas.

Thaine Q. Blumer, Kansas City, for appellant Steve Thomas.

Edward W. Mullen, Deacy & Deacy, Kansas City, for respondent.

Before SWOFFORD, P. J., PRITCHARD, C. J., and DIXON, J.

SWOFFORD, Presiding Judge.

In this action the respondent (State Farm) sought a declaratory judgment to the effect that a certain automobile liability policy of insurance did not impose upon it any duty or obligation to appellants. The matter was submitted to the court upon a stipulation of facts and the briefs of the parties, and, upon motion by State Farm, a summary declaratory judgment and decree was entered in its favor. The appellants thereupon appealed.

The undisputed facts disclose the following:

On May 15, 1971, Steve Thomas, then 20 years of age, drove a 1966 Chevrolet automobile owned by his parents off the highway, collided with a guardrail and went into a ditch, thus injuring his 7 year old sister, Diana Thomas, who was a passenger in the car. Steve had been given permission by his parents to use the car at that time. Diana was a resident of the same household as her parents, but Steve's residence was not shown and was in dispute.

At the time of this accident there was in full force and effect an automobile liability insurance policy covering the 1966 Chevrolet issued by State Farm and wherein Harvey and Helen Thomas were the named insureds.

Diana brought suit against her brother, Steve, for damages for personal injury, and Steve tendered the defense of this case to State Farm. It declined to defend and denied coverage upon the basis that under the terms of its policy bodily injury to Diana was specifically excluded under the policy provisions. Thereafter, State Farm filed this declaratory judgment action during the pendency of which Diana secured a judgment against her brother, Steve, in her damage action.

Provisions of the policy of insurance pertinent to this action are here set forth.
"SECTION I (Page 3)—LIABILITY AND MEDICAL PAYMENTS INSURING AGREEMENTS

COVERAGE A—BODILY INJURY LIABILITY

&ast; &ast; &ast; &ast; &ast; &ast;

To pay on behalf of *the insured* all sums which *the insured* shall become legally obligated to pay as damages because of

A. *bodily injury* sustained *by other persons,* and

&ast; &ast; &ast; &ast; &ast; &ast;

EXCLUSIONS—SECTION I (Page 4)
THIS INSURANCE DOES NOT APPLY UNDER:

&ast; &ast; &ast; &ast; &ast; &ast;

(h) COVERAGE A. TO *BODILY INJURY* TO *ANY INSURED* OR ANY MEMBER OF THE FAMILY OF AN INSURED RESIDING IN THE SAME HOUSEHOLD AS *THE INSURED*;

&ast; &ast; &ast; &ast; &ast; &ast;

DEFINITIONS—SECTION I (Page 5)
&ast; &ast; &ast; &ast; &ast; &ast;

Insured—the unqualified word 'insured' includes

1. the named insured, and

2. &ast; &ast; &ast; his or their spouse(s) if a resident of the same household, and

3. *If residents of the same household, the relatives of the first person named in the declarations, or of his spouse,* and

4. any other person while using the owned motor vehicle &ast; &ast; &ast; (permissive user)" (Emphasis partially supplied by insurance policy and partially by the Court.)

Upon the basis of these stipulated facts and policy provisions, the court below made findings of fact and conclusions of law holding that Diana Thomas, daughter of Harvey Thomas, the first named insured in the policy and a resident of his household was an "insured" as defined in Section I(3) in the "Definitions" above set forth, and that as such, her right to recover under the policy was specifically excluded under "Exclusions" in Section I(h), above quoted, as included in the term "any insured".

The appellants raise two points of error. *First,* they assert that Steve Thomas, the tortfeasor, was the insured under the permissive user or omnibus provisions of the policy and Diana was not a member of *his* household and therefore her claim against him was protected by the insurance. *Second,* they claim that the above-quoted policy provisions are ambiguous and therefore should be interpreted liberally to provide coverage to appellant, Steve Thomas, to protect him against the claim of his sister. These assignments of error are so closely related that they can be considered together.

The respondent on the other hand argues that the above-quoted policy provisions are clear and unambiguous and plainly exclude liability coverage for the injuries to Diana Thomas since she was an "insured" by definition and also was a member of the family of the named insureds, residing in their household.

■ The rule is firmly established in Missouri that insurance policies, like other contracts, must be given reasonable interpretations and in construing the terms of a policy "the courts discharge their full duty when they ascertain and give effect to the intention of the parties, as disclosed by the contract they have entered into." *Lynch v. National Life and Accident Insurance Co.,* 278 S.W.2d 32, 33 [1] (Mo.App.1955), and

cases cited therein. Plain and unambiguous language must be given its plain meaning, *State ex rel. Prudential Insurance Co. of America v. Shain,* 344 Mo. 623, 127 S.W.2d 675, 676 [2] (Banc 1939), and this rule applies to restrictive provisions in insurance contracts, *Wendorff v. Missouri State Life Insurance Co.,* 318 Mo. 363, 1 S.W.2d 99, 102 [7] (1927).

■ Apparently appellants claim that the ambiguity of the insurance policy here involved arises from the fact that the insuring clause first above quoted extends coverage to "*the* insured" for bodily injury sustained by "other persons", whereas, the exclusion clause refers to "*any* insured". Defendants argue that "*the* insured" in this case is the tortfeasor, Steve Thomas, and that the "other person" is Diana Thomas, and thus conclude that the respondent is liable under the policy.

This argument is an exercise in semantics and disregards the patent fact that by plain and unambiguous language in the definition portion of the contract Diana, being a resident of the same household as her father, the "first named person in the declaration", is an "insured" and is one of the class of persons specifically excluded from protection for bodily injuries under the liability insurance, Section I(h), supra.

The legality of similar exclusionary provisions in automobile liability insurance contracts have been consistently upheld by the appellate courts of Missouri and by an overwhelming number of decisions from other jurisdictions.

In *Gabel v. Bird and State Farm Mutual Automobile Insurance Company,* 422 S.W.2d 341 (Mo.1967), the insured, Gabel, gave one Floyd Bird, Jr. permission to use the insured vehicle and Bird thus became an insured under the omnibus provision of the policy. During the course of such use and while Bird was driving the automobile, it overturned and caused the death of the named insured's daughter, Judith, who was a passenger therein. Judith was an unemancipated minor residing in the same household as her parents. Gabel and his wife brought suit against Bird for the wrongful death of Judith; State Farm refused to defend Bird, and the Gabels recovered a judgment. This garnishment proceeding followed and the court found the issues for the garnishee.

The policy involved contained an exclusion which provided:

"This insurance does not apply under: * * * (i) coverage A, to bodily injury to *the* insured or any member of *the* family of the insured residing in the same household as *the* insured; * * *." (Emphasis supplied)

The garnishee, State Farm, refused to defend Bird on the theory that the policy of insurance issued to Gabel did not cover Judith because she was *an insured* under the policy issued to her father. In affirming the judgment dismissing the garnishee, the court considered the exclusion clause together with the definition of "insured" (identical with the definition contained in the policy now under consideration) and stated, l. c. 344 [3]:

"* * * That (the exclusion clause) certainly included Judith, the injured person. It was admitted that Judith was a member of the family and resided with her parents. Clearly, Judith, had she lived, could not have recovered from State Farm Mutual under the policy even if she had obtained a judgment against Bird. In these circumstances, the parents cannot recover on the policy of insurance. * * *"

The court cited three earlier decisions of the Missouri courts in support of this conclusion, namely: *Sibothan v. Neubert,* 168 S.W.2d 981, 984 [2] (Mo.App.1943); *Perkins v. Perkins,* 284 S.W.2d 603, 610–611 [8] (Mo. App.1955); and, *State Farm Mutual Auto Ins. Co. v. Ward,* 340 S.W.2d 635, 640 [5] (Mo.1960). The court then stated, l. c. 344 [3]:

"* * * The fact remains that Judith Gabel was a member of the Gabel family, and State Farm Mutual under the policy, was not liable for injuries to Gabel and members of his family residing in his household. This court is powerless to

change the plain terms of the insurance contract in question."

To like effect see: *Tickner v. Union Insurance Company*, 425 S.W.2d 483, 486 [2] (Mo. App.1968); and *State Farm Mutual Automobile Insurance Company v. McBride*, 489 S.W.2d 229 (Mo.App.1972).

It will be noted that the only difference in the exclusion clause in *Gabel* and the clause in the present case is the use of the phrase "*the* insured" in *Gabel*, while in this policy the phrase "*any* insured" is employed. The latter phrase clearly would have a broader connotation and describe a larger and more inclusive class of persons than the former. Either would necessarily include Diana as an insured as a resident of her parents' household and State Farm would not be liable for injuries sustained by her under the circumstances of this case.

Appellants argue that Steve Thomas was the only insured and ignore the fact that Diana was also an insured by definition under the policy provisions, who, by the terms of the exclusionary clause must be denied protection under the policy. This result must be reached even though she was only 7 years old, and, of course, would not qualify in the orthodox, underwriting sense, for automobile liability insurance. Appellate courts cannot make or rewrite insurance policies, even though it may appear in some respects they operate harshly or inequitably as to one of the parties. *Packard Mfg. Co. v. Indiana Lumbermens Mut. Ins. Co.*, 356 Mo. 687, 203 S.W.2d 415, 416 [1] (banc 1947); *Surface v. Ranger Insurance Company*, 526 S.W.2d 44, 48 [5] (Mo.App. 1975), and cases cited therein.

Appellants place their principal reliance upon two cases from other jurisdictions, *State Farm Mutual Automobile Ins. Co. v. Jacober*, 10 Cal.3d 193, 110 Cal.Rptr. 1, 514 P.2d 953 (Cal. banc 1973), and *New York Underwriters Insurance Co. v. Spiller*, 109 Ariz. 31, 504 P.2d 932 (banc 1973), wherein different conclusions were reached under similar situations as are presented here.

However, the Missouri decisions above noted are in line with the vast majority of the other jurisdictions [1] and in any event, are binding upon this court.

Accordingly, the judgment is affirmed.

All concur.

1. Collected 46 A.L.R.3d 1024, et seq.