CAMERON MUTUAL INSURANCE COMPANY, Plaintiff-Respondent,

v.

Arthur DILBECK, Defendant,

and

Marlin Vestal, Defendant-Appellant,
et al., Defendants.

No. WD 32846.

Missouri Court of Appeals,
Western District.

July 20, 1982.

Gregory M. Perlstein, Perlstein & Cohen, Kansas City, for defendant-appellant Marlin Vestal.

George T. O'Laughlin, P. C., George T. O'Laughlin, Kansas City, for plaintiff-respondent.

Before SOMERVILLE, C. J., WASSERSTROM, J., and MOORE, Senior Judge.

JAMES A. MOORE, Senior Judge.

Plaintiff-respondent sued for a declaratory judgment on its coverage under its policy of automobile liability insurance, contending that the "household exclusion" eliminates coverage for the fatal injuries to Leisa Vestal. Upon motions for summary judgment the trial court so held. We affirm.

The coverage question is brought into sharp focus since the action was submitted upon an Agreed Statement of Facts supplemented by references to certain deposition testimony. The question was resolved under the procedures of Rule 74.04. Defendant Marlin Vestal alone appealed, and we are not concerned with defendant Dilbeck who is not a party to this appeal.

The policy was issued to Linda Dilbeck and her husband, Arthur Dilbeck. An automobile driven by Linda collided with another vehicle, resulting in the death of Linda and of Leisa, her daughter. (Leisa's siblings, Kathy Vestal and Sammy Dilbeck were injured as a result of the collision but any claims resulting therefrom are not involved in this action.)

Linda was the natural mother of Leisa, wife of defendant Arthur Dilbeck and former wife of defendant-appellant Marlin Vestal. Linda and Arthur, her daughters Leisa and Kathy, and his son Sammy lived "as a merged family, as a single family unit" with the usual incidents of such an arrangement.

The pertinent policy provisions are these:
"Coverage A—Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at anytime resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile."

\* \* \* \* \* \*

"This policy does not apply:
(g) under coverage A, . . . (2) to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured."

When Marlin Vestal asserted a claim for the alleged wrongful death of Leisa the insurer brought this action under Rule 87.

Appellant argues that the exclusion clause does not apply to appellant's claim in that appellant was not a member of insured's household and in that said clause does not exclude claims for death. By "unassailable proof" appellant was not a member of the household his daughter Leisa was.

We do not deem it necessary to delve deep into the Anglo-Saxon tradition of wergeld or blood feud or to note that Lord Campbell's Act established the action at law for wrongful death more than two centuries after the common law of England was implanted in colonial America. Sec. 1.010, RSMo 1978. The coverage question does not turn on the history or the peculiar nature of the Missouri statutory action for wrongful death.

Rather our effort must be to see whether the coverage and exclusionary clauses can be read together and harmonized. We believe they can. The resolution of this prob-

lem of construction can scarcely be stated more succinctly than by respondent in its brief: "Leisa was tragically the 'person' who 'sustained' 'bodily injury' from which death directly, perhaps instantaneously, resulted. Leisa's were the injuries excluded, by the policy language, whether or not they proved fatal. Leisa was the daughter of Linda residing in Linda's household when both died." *State Farm Mutual Automobile Ins. Co. v. Ward,* 340 S.W.2d 635, 640[5] (Mo.1960); *Gabel v. Bird,* 422 S.W.2d 341 (Mo.1967); and *State Farm Mutual Automobile Insurance Co. v. Thomas,* 549 S.W.2d 616 (Mo.App.1977).

The learned trial judge was correct in his judgment to the effect that the "household exclusion" eliminated coverage for the fatal injuries to Leisa Vestal. The judgment is affirmed.

All concur.