## ST. PAUL FIRE & MARINE INSURANCE COMPANY, Plaintiff-Respondent,

v.

## WEDGEWOOD REALTY, INC., d/b/a Colonial Real Estate, a Corporation, Defendant,

and

## Horace Eastman and Robbie Eastman, Intervenors-Appellants.

### No. 45184.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 17, 1982.

Motion for Rehearing and/or Transfer Denied Sept. 17, 1982.

Application to Transfer Denied Oct. 18, 1982.

David G. Beeson, Catherine R. McBride, Jackson, for intervenors-appellants.

Bruce Lawrence, Sikeston, for plaintiff-respondent.

SNYDER, Judge.

This is an action in which respondent St. Paul Fire & Marine Insurance Co. (St. Paul) sought a declaratory judgment against Wedgewood Colonial Real Estate (Wedgewood) on whether an errors and omissions insurance policy, under the terms of which Wedgewood was the insured, covered liability for damages for breach of contract. The breach of contract allegation arose out of a transaction between Wedgewood and appellants Horace Eastman and Robbie Eastman and the Eastmans were permitted to intervene.

The circuit court of Cape Girardeau County found in favor of St. Paul, ruling that there was no coverage. The intervenors appeal. The judgment is affirmed.

On February 4, 1977, the Eastmans entered into a real estate contract with Wedgewood. Under the terms of the contract, Wedgewood was to secure a buyer for the Eastman's Jackson, Missouri residence, and if the two-month listing period expired without a sale, Wedgewood allegedly agreed to purchase the Eastmans' residence for 90 percent of the Eastmans' equity (approximately $61,800). On April 7, 1977, when the listing expired, Wedgewood refused to pay the purchase money.

The Eastmans filed suit for specific performance (later amended to slander of title) in Count I and breach of contract in Count II. On February 15, 1979, a jury returned a verdict in favor of the Eastmans for $5,000 in actual and $1,000 in punitive damages in Count I. Ten thousand dollars was awarded for breach of contract on Count II.

The lower court set aside the jury verdict on Count II and ordered a new trial. That case is pending in the circuit court of Cape Girardeau County. St. Paul then filed the declaratory judgment suit which gave rise to this appeal.

Appellants raise two points on appeal. It is necessary to consider only the first, the charge that the trial court erred in ruling that, because Wedgewood was not acting as the Eastmans' real estate agent when it contracted to purchase the Eastmans' residence, there was no insurance coverage. This point is ruled against appellants and is dispositive of the appeal.

The question for determination is whether Wedgewood was acting in its capacity as a real estate agent when it agreed to purchase appellants' residence. The policy in question requires St. Paul "[t]o pay on behalf of the insured all sums which the insured shall become legally obligated to pay on account of any claim made against the insured and caused by any *negligent act, error or omission of the insured* or any other person for whose acts the insured is legally liable *in the conduct of their business as real estate agents*." (Emphasis added).

▋ "The rule is firmly established in Missouri that insurance policies, like other contracts, must be given reasonable interpretations and in construing the terms of a policy 'the courts discharge their full duty when they ascertain and give effect to the intention of the parties. . . .' " *State Farm Mutual Automobile Insurance Co. v. Thomas,* 549 S.W.2d 616, 617 (Mo.App.1977), citing *Lynch v. National Life and Accident Insurance Co.,* 278 S.W.2d 32, 33 (Mo.App. 1955). Plain and unambiguous language must be given its plain meaning, and this rule applies to restrictive provisions in insurance contracts. State Farm *supra* at 618.

"As generally defined, a broker is an *agent* who, for a commission or brokerage fee, bargains or carries on negotiations *on behalf of his principal* as an intermediary between the latter and third persons in transacting business relative to . . . the sale or purchase of any form of property, real or personal. . . . Brokers have also been defined as those who are engaged with others in the negotiation of contracts relative to property, with the custody of which they have no concern." 12 Am.Jur.2d *Brokers* § 1 (1964) (Emphasis added). " ' . . . [E]xisting and valid statutory provisions enter in and form a part of all contracts of insurance to which they are pertinent and applicable as fully as if such provisions were written into them.' " *Ward v. All State Insurance Co.,* 514 S.W.2d 576, 578 (Mo. banc 1974), citing 43 Am.Jur.2d *Insurance* § 289.

Therefore, § 339.010 RSMo. 1978, is helpful in construing the words "in the conduct of their business as real estate agents." See *White v. Miriam Realty Co.,* 547 S.W.2d 184 (Mo.App.1977). It provides, in part:

1. A "real estate broker" is any person . . . who, *for another* and for compensation or valuable consideration, as a whole or partial vocation does, or attempts to do any or all of the following:

(1) Sells, exchanges, purchases . . . real estate;

(2) Offers to sell, exchange, purchase . . . real estate;

(3) Negotiates or offers or agrees to negotiate the sale, exchange, purchase ... of real estate;

(4) Lists or offers or agrees to list real estate for sale ...

(5) Buys, sells, offers to buy or sell or otherwise deals in options in real estate or improvements thereon.

\* \* \* \* \* \*

(Emphasis added) [1].

■ Section 339.010 has been held to contemplate an *agency relationship where the broker acts for someone else. White v. Miriam Realty, Co., supra.* 12 Am.Jur.2d *Brokers* § 3 (1964). (Emphasis added).[2]

Agency is a relationship which results from the manifestation of consent of one person to another that the other shall act *on his behalf and subject to his control,* and consent by the other so to act." *Leidy v. Taliaferro,* 260 S.W.2d 504, 505 (Mo.1953), citing Restatement of Agency § 51.[3] (Emphasis added).

■ In *Meek v. Hurst,* 191 S.W. 68, 70 (Mo.1916), the Supreme Court of Missouri held that the sale of land between the principal and realtor/agent terminated the agency relationship.[4] Therefore, for Wedgewood to engage in "conduct of its business as real estate agent" and thus, be covered by the insurance policy, it must be involved in the sale or purchase of property for another. Here, the alleged purchase agreement was made between Wedgewood and the Eastmans, not on behalf of another and the Eastmans. Similarly, when Wedgewood allegedly breached the contract, it was not acting for another, but on its own behalf. Therefore, the acts complained of did not occur in the course of the agency relationship. The policy does not provide coverage.

The appellants also contend that the policy applies because the alleged breach was based on several erroneous beliefs of Wedgewood. Because it has already been held that Wedgewood was not acting as a real estate agent at the time of the acts complained of, and thus was not within the insurance policy's coverage at the time, this issue need not be considered. *Kappel v. Slickman,* 401 S.W.2d 451, 455 (Mo.1966).

The judgment is affirmed.

REINHARD, P. J., and CRIST, J., concur.

1. Black's Law Dictionary (rev. 4th ed. 1968) defines "real-estate agent" as "any person whose business it is to sell, or offer for sale, *real estate for others....*" Chapter 339, RSMo.1978 provides for the licensing of real estate brokers and real estate salespersons only. There is no licensing provision for real estate "agents".

2. See also *Franta v. Hodge,* 302 S.W.2d 291 (Mo.App.1957). In *Franta,* the court said, ... "[u]nder our statute (§ 339.010 RSMo.1949 V.A.M.S.) a real estate broker or salesman sells 'the real estate *of others,*' not his own property." 302 S.W.2d at 293. It would appear that the converse is also true. A real estate broker is one who buys property for another, not himself.

3. Black's Law Dictionary (rev. 4th ed. 1968) defines agent as "A person authorized by another to act for him, one entrusted with another's business ... One who represents and acts for another under the contract or relation of agency, q.v. *Fowler v. Cobb,* Mo.App., 232 S.W. 1084."

4. See also *Clark v. Rodgers Foundry & Manufacturing Co.,* 199 S.W. 576, 577 (Mo.1917): "When this relation [agency] existed it must be held to have continued until the agent, in dealing with the principal's property, notifies the principal that he is no longer dealing as an agent, but desires to deal at arm's length as a purchaser and has disclaosed all the facts and information acquired by him to the principal that relates to the subject matter of the contract while the agency existed."