**CAMERON MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Edward L. HUGHES, and Shirley D. Hughes, Joseph C. Julien, Deceased (E.C. Barbosa, Defendant Ad Litem), and Shelton Insurance Company, Respondents.**

**No. WD 35987.**

Missouri Court of Appeals, Western District.

March 5, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied April 30, 1985.

Dale Hale, St. Joseph, for appellant.

Pieter A. Brower, Whipple and Kraft, Kansas City, for respondents.

Before CLARK, P.J., and TURNAGE and KENNEDY, JJ.

CLARK, Presiding Judge.

This is a declaratory judgment suit brought to settle the issue of coverage under a policy of automobile liability insurance written by plaintiff-appellant, Cameron Mutual. The trial court decided the case against the contentions of Cameron Mutual and this appeal followed.

The minimal facts were stipulated. David Allen Hughes was the owner of an automobile insured by Cameron Mutual for bodily injury and property damage liability. On February 15, 1983, one Joseph Julien was driving the automobile with Hughes riding as a passenger. A one car accident occurred and Julien and Hughes suffered fatal injuries. The parents of Hughes, respondents Edward and Shirley, then filed a wrongful death action against the personal representative of Julien. The question posed by the declaratory judgment suit was whether Cameron Mutual owed any coverage under its policy to the representa-

tive of Julien for the claim associated with the death of Hughes, Cameron Mutual's named insured. Cameron Mutual contends on appeal that the trial court erred in ruling that coverage did apply to the claim for the wrongful death of Hughes. We agree.

The briefs devote some argument to the question of whether Julien was an omnibus insured because he was a permitted driver and whether Hughes, had he lived, could have maintained a suit against Julien which Cameron Mutual would have been obligated to defend. These are not live issues in the case and appellant's focus of attention, here and before the trial court, on the insuring agreement and definition of insured clauses in the policy is misplaced. However inadequately the case has been presented, it is beyond the range of even a colorable argument that this policy provides any coverage for the action based on the wrongful death of the Cameron Mutual insured, Hughes.

The subject policy contains a standard automobile liability policy exclusion, "This policy does not apply: * * * (g) under coverage A * * * (2) to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured." The case presents no issue as to family members or composition of a household because the decedent Hughes was the named insured. By any definition, Hughes was an insured within the exclusion clause.

Policies with language similar to that of the subject policy have been construed in an unbroken line of Missouri cases to provide no coverage where the claim is against an omnibus insured for injuries suffered by the named insured or where a member of the insured's family residing in the household makes claim against the insured. *Harrison v. MFA Mutual Insurance Co.,* 607 S.W.2d 137 (Mo. banc 1980); *Perkins v. Perkins,* 284 S.W.2d 603 (Mo.App.1955).

A case similar on the facts to the subject case is *Tickner v. Union Insurance Company,* 425 S.W.2d 483 (Mo.App.1968) where the exclusion was applied to deny coverage. In that case, a declaratory judgment suit, Maurine Sherer and her husband were named as insureds in a policy which covered Maurine's car. An accident occurred while the car was being driven by Tickner, a permitted driver and therefore an omnibus insured. Maurine was riding in the car as a passenger and was killed in the accident. The liability exclusion was for bodily injury to the insured, the insured's spouse or any relative of either if residing in the insured's household.

The court cited a number of cases to like effect and held that the Union Insurance policy provided no coverage for Mrs. Tickner in a suit brought for the wrongful death of the named insured, Maurine Sherer because the policy expressly excluded such claims. The court also held that claims for wrongful death are within the exclusion for bodily injuries to the insured where the word death appears in certain other exclusionary provisions of the policy.

The subject case is squarely ruled by *Tickner* on the facts and the policy exclusion. The wrongful death action seeks recovery for bodily injury to Cameron Mutual's named insured, David Hughes, and the policy expressly excludes any coverage for that event. The contrary holding by the trial court was in error and cannot stand.

The judgment is reversed and the cause is remanded with direction that the court enter judgment for appellant as prayed in its petition for declaratory judgment.

All concur.