**SHELTER MUTUAL INSURANCE CO.,**
Plaintiff-Respondent,

v.

**Lisa J. BROOKS, et al.,**
Defendants-Appellants.

**No. 66664.**

Supreme Court of Missouri,
En Banc.

June 25, 1985.

Rehearing Denied Aug. 7, 1985.

Charles H. Huber, Lester H. Goldman, St. Ann, for defendants-appellants.

Donald J. Sher, William B. England, St. Louis, for plaintiff-respondent.

BILLINGS, Judge.

Respondent Shelter Mutual Insurance Co. (Shelter), sought a declaratory judgment determining its obligations under an automobile liability insurance policy. The trial court granted judgment for Shelter holding the policy provided no coverage to Roger Brooks in a wrongful death suit against him by his deceased brother's children, defendants herein. The Missouri Court of Appeals, Eastern District, ordered the case transferred to this Court in order to resolve a conflict in Missouri cases. We review the case as an original appeal. Mo. Const. art. V, § 10, 1945. We reverse.

The facts are not in dispute. Roger Brooks was the named insured under an automobile insurance policy issued by Shelter. The insured vehicle was Roger's 1972 AMC Hornet. In July 1982 Roger lent his car to his brother who then became a permittee insured under the policy. Later the brother and a passenger were found in the car, dead of carbon monoxide asphyxiation. The brother's children sued Roger for wrongful death, alleging negligent maintenance of the car. Shelter then filed the instant suit against the children, contending there was no coverage under its policy.

Four provisions of the insurance policy are of primary concern in this appeal, the coverage clause, the omnibus clause, the severability of interest clause and an exclusionary clause. The coverage clause:

> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

A. Bodily injury sustained by any person;

B. Property damage sustained by any person; caused by accident and arising out of the ownership, maintenance, or use of the described automobile ... and the Company shall defend any suit alleging such bodily injury ... and seeking damages which are payable under the terms of this policy....

The omnibus clause:

With respect to the insurance afforded under Coverages A and B, the following are insureds: (a) With respect to the described automobile, ... (2) any other person using such automobile with the permission of the named insured....

The severability of interest clause:

The insurance afforded under Coverages A and B applies separately to each insured against whom claim is made or suit is brought, but the inclusion herein of more than one insured shall not operate to increase the applicable limit of the company's liability.

Finally, the relevant exclusionary clause:

Coverages A and B do not apply to ..., (n) Bodily injury to the insured or any member of the family of the insured residing in the same household as the insured.

The issue is whether the described exclusion prevents insurance coverage when family members of a deceased permittee insured sue the named insured for injuries sustained by the permittee insured because of the negligence of the named insured. Interpreting the exclusion [1] absent the severability of interests clause, Missouri cases have denied insurance coverage in situations similar to the instant case. *See Ward v. State Farmers Mutual Tornado Insurance Co.,* 441 S.W.2d 1 (Mo.1969); *Simpson v. American Automobile Insurance Co.,* 327 S.W.2d 519 (Mo.App.1959); *Sibothan v. Neubert,* 168 S.W.2d 981 (Mo.App. 1943). The addition of the severability of interests clause created the conflict we are called upon to resolve. *Compare Gabel v. Bird,* 422 S.W.2d 341 (Mo.1967) [2] *and Tickner v. Union Insurance Co.,* 425 S.W.2d 483 (Mo.App.1968) [3] *with Bituminous Casualty Corp. v. Aetna Life & Casualty Co.,* 599 S.W.2d 516 (Mo.App.1980).[4]

We hold the severability of interests clause requires the exclusion to be interpreted narrowly and only applied to exclude bodily injuries of the insured claiming coverage and his resident family. *See Sacharko v. Center Equities Limited Partnership,* 2 Conn.App. 439, 479 A.2d 1219 (1984); *United States Fidelity & Guarantee Co. v. Globe Indemnity Co.,* 60 Ill.2d 295, 327 N.E.2d 321 (1975). Several considerations support this conclusion. First, it is implied from the severability of interests clause. *Bituminous, supra; Commercial Standard Insurance Co. v. American General Insurance Co.,* 455 S.W.2d 714 (Tex.1970). Second, there is a

---

1. Both the instant bodily injury of the insured exclusion and the similar employee of the insured exclusion have been interpreted. For the purposes of this issue the two exclusions are indistinguishable, and cases interpreting them may be cited interchangeably.

2. Gabel, the named insured, lent his car to Bird, the permittee insured. While driving, Bird was in an accident that killed Gabel's daughter. The Court applied an exclusion for injury to the insured or the insured's relevant family. The Court summarily concluded the severability of interest clause "does not affect any issue in the present case." *Gabel* at 344.

3. The permittee insured was in an accident that killed one named insured. Her husband sued the permittee insured for wrongful death. Un-

ion filed suit for a declaratory judgment concerning its rights and liabilities. The court rejected the argument that the severability of interest clause required each insured to be treated independently so only the permittee insured and his relevant family were excluded from coverage because *Gabel, supra* was controlling and to the contrary and the named insured was *specifically* excluded under the policy.

4. The *Bituminous* case involved similar issues concerning the relationship between the coverage, omnibus, exclusion and severability of interest clauses. The court limited the employee exclusion to cases where an employee of the insured claims coverage. The presence of a severability of interest clause required each insured to be treated distinctly as if he claimed coverage under an independent policy.

grammatical ambiguity in the exclusion itself that suggests an interpretation favoring the insured. In the opinion transferring the case to this Court, Judge Smith analyzed the ambiguity:

It is clear that one insured under a policy is subject to liability for injury to another insured. The exclusionary clause in the preceding cases standardly utilizes the phrase found in the policy before us—"the insured." The word "insured" is the unusual character of word which can be either singular or plural in meaning. The article "the" is a word of specificity as contrasted to the articles "a" and "an" which are general in description encompassing any of the class. If the article "the" is combined with the plural "insured" it clearly would encompass all insured under the policy. If on the other hand it is combined with the singular "insured" it speaks to a specific insured rather than all members of the class wherein the terms "an insured" or "any insured" are more properly utilized.

The cases heretofore cited have apparently concluded, without discussion, that the phrase "the insured" was utilized in its plural sense. But it is equally plausible that it was utilized in its singular form to delineate the specific insured who is seeking coverage under the policy and that the exclusionary clause seeks to prevent coverage only for injuries sustained by that insured. This possibility becomes more real when viewed with the additional standard provision exempting "the family" of "the insured." If "the insured" is indeed plural then the family exclusion should read "any member of a family of the insured residing in any household of the insured." The language of the insuring agreement is sufficiently broad to arguably include obligations incurred by the insured for treatment of injury to himself and certainly for all damages or bodily injury to a family member. The exclusion therefore serves a purpose in restricting coverage even if "the insured" is considered as referring to a single insured. *Playboy Rent-A-Car, Inc. v. Continental Insurance Co.*, 306 F.Supp. 762 (D.C.Vir.I.

1969). We note parenthetically in this case that when Shelter wished to utilize the plural of an insured it referred to "insureds" in the omnibus clause. We therefore entertain some considerable doubt that "the insured" is in fact free from ambiguity and is free from the doctrine that ambiguous language must be construed against the insurance company and so as to afford rather than deny coverage.

Combining the purpose of liability insurance (the protection of the insured from liability from loss) with the language utilized (the insured) and the severability clause (intended to treat each insured as if he was covered by a separate policy) we would, as a matter of first impression, conclude that the exclusionary clause applies only to the insured seeking protection under the policy. It would not exclude coverage to that insured for liability of that insured to another person who is also entitled to liability protection under the policy.

Third, the intention behind the severability of interest clause was to limit the scope of exclusion to the insured claiming coverage. *Ryder Truck Rental, Inc. v. St. Paul Fire & Marine Insurance Co.*, 540 F.Supp. 66, 72 (N.D.Ga.1982); *Barnette v. Hartford Insurance Group*, 653 P.2d 1375, 1383 (Wyo.1982). Risjord & Austin, *Who Is 'The Insured' Revisited*, 28 Ins.Couns.J. 100 (1961), Plummer, *Automobile Policy Exclusions*, 13 Vand.L.Rev. 945, 955 (1960). Finally, the exclusion when read in light of the severability of interests clause at most creates an ambiguity. The exclusion can arguably refer to any insured or only the insured claiming coverage. We resolve ambiguities in favor of the insured. *Robin v. Blue Cross Hospital Service, Inc.*, 637 S.W.2d 695, 698 (Mo. banc 1982). Thus, the exclusion refers only to the insured claiming coverage. *See Ryder, supra;* Keeton, Insurance Law 243 (1971). We note that this interpretation merely gives the permittee insured the same coverage as the named insured. *Farmers, supra.*

Because Roger is claiming coverage, the policy applies to the suit initiated by his brother's children. *See, e.g., Ryder, supra.*

The judgment is reversed.

RENDLEN, C.J., HIGGINS and BLACKMAR, JJ., and GREENE, Special Judge, concur.

DONNELLY, J., dissents.

WELLIVER, J., dissents in separate opinion filed.

GUNN, J., not sitting.

WELLIVER, Judge, dissenting.

I respectfully dissent.

The principal opinion creates an ambiguity where none exists. Roger's brother was an "insured" under the omnibus clause, and as an "insured" he was also an "insured" under the exclusionary clause. *See Gabel v. Bird,* 422 S.W.2d 341 (Mo. 1967); *Tickner v. Union Insurance Co.,* 425 S.W.2d 483 (Mo.App.1968); *Simpson v. American Automobile Insurance Co.,* 327 S.W.2d 519 (Mo.App.1959); *Sibothan v. Neubert,* 168 S.W.2d 981 (Mo.App.1943). The presence of the severability of interests clause does not alter who is an "insured" under the exclusionary clause. The exclusionary clause made coverages A and B inapplicable to injuries to Roger's brother (as permittee) or members of his household, just as it would have excluded injuries to Roger had he been a passenger in the car.

I would affirm the judgment.