**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff–Respondent,**

v.

**Aimee FITZPATRICK, Defendant–Appellant,**

and

**Martin L. Leeper and Kenneth VanDeven, Defendants.**

**No. 17207.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 30, 1991.

Matthew R. Shetley, Wendell W. Crow, Crow, Reynolds & Preyer, Kennett, for plaintiff-respondent.

C.H. Parsons, Jr., Dennis P. Wilson, Parsons, Mitchell, Wilson & Satterfield, Dexter, for defendant-appellant.

PREWITT, Presiding Judge.

Plaintiff sought declaratory judgment that there was no coverage or other obligation from it regarding the injuries of defendant Fitzpatrick under an automobile liability insurance policy it had issued. The trial court entered judgment in favor of plaintiff. Defendant Fitzpatrick appeals.

The parties submitted the matter upon an agreed statement of facts stating:

1. Plaintiff, State Farm Mutual Automobile Insurance Company issued the policy of automobile liability insurance no. 327190425D covering a 1986 Ford Mustang VIN 1FABP28M3GF191529 to Defendant Kenneth VanDeven. A certified copy of said policy is attached hereto and the parties stipulate that it may be received into evidence without further identification.

2. Said policy was in full force and effect on November 8, 1986.

3. Defendant, Aimee Fitzpatrick is the 25 year old daughter of the Defendant Kenneth VanDeven, and at the time of the November 8, 1986 accident, which is described below, she was living with her said father at Route 3, Bloomfield, Missouri.

4. Defendant Martin J. Leeper was driving the 1986 Mustang (and there is no issue raised as to permission on this Motion) on November 8, 1986, when it was involved in a one vehicle accident on Route "J" in Stoddard County, and Aimee Fitzpatrick was riding in said vehicle as a passenger on said date.

5. Aimee Fitzpatrick had general permission from her father Kenneth VanDeven to use the 1986 Mustang which was involved in the collision and had permission to be in said vehicle at the time of the collision on November 8, 1986.

6. Thereafter, Defendant Aimee Fitzpatrick filed a personal injury lawsuit against Defendant Martin L. Leeper, same being filed in the Circuit Court of Stoddard County, Missouri, Division I, being Case No. CV488–25CC. The contents of the said Court file are stipulated as incorporated herein by reference for the Court's consideration and judicial notice.

7. The Plaintiff above has entered an appearance for Defendant Martin L. Leeper in said case under a reservation of rights, contending that the policy of insurance of Defendant Kenneth VanDeven does not afford coverage in the Aimee Fitzpatrick vs. Martin L. Leeper case and same is the subject of this Declaratory Judgment action under the facts as stipulated to above.

Fitzpatrick has two points relied on contending that the trial court erred in finding that she was excluded from coverage by being a member of the named insured's family residing in his household. They are: 1) "because the policy is ambiguous and can reasonably be interpreted to exclude coverage only for the insured claiming liability coverage for the particular accident

and family members residing in his household and any ambiguities in the policy must be construed in favor of coverage", and 2) "because to the extent that the exclusionary language in the policy purports to exclude coverage for a permissive operator's liability to an injured party who is not related to the permissive operator and who is not a party to the liability insurance contract, the exclusion is unreasonable and, therefore, unenforceable." [1]

The applicable provisions of the insurance policy and the other relevant facts here are nearly identical to those in *Gabel v. Bird*, 422 S.W.2d 341 (Mo.1967), and *State Farm Mutual v. Thomas*, 549 S.W.2d 616 (Mo.App.1977). Those decisions refute Fitzpatrick's contentions. See also *Johnson v. State Farm Mutual Automobile Ins. Co.*, 252 F.2d 158 (8th Cir.1958) (applying Missouri law).

Defendant Fitzpatrick contends that *Shelter Mut. Ins. Co. v. Brooks*, 693 S.W.2d 810 (Mo. banc. 1985), has impliedly overruled *Thomas* and *Gabel*. The incident and the insurance policy provisions here are different from those in *Brooks*. *Brooks* refers to *Gabel* but does not overrule it. There is no basis to distinguish *Gabel* from this situation. As a Supreme Court of Missouri decision, *Gabel* is "controlling" in this court. Mo. Const. art. V, § 2; *Estate of Seabaugh*, 654 S.W.2d 948, 957 (Mo.App.1983). The trial court correctly found no coverage for Fitzpatrick's injuries.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.

---

**1.** Fitzpatrick states in her brief that she "is not before this Court asking that the household exclusion clause in the insurance policy be declared void." That statement is understandable in view of *American Family Mutual Ins. Co. v. Ward*, 789 S.W.2d 791 (Mo. banc 1990), upholding such exclusion before July 1, 1987. In this case the automobile collision occurred before the effective date of the "Missouri Motor Vehicle Financial Responsibility Law", chapter 303, R.S.Mo 1986, effective July 1, 1987. Under that law the household exclusion has been held void. See *State Farm Mutual Automobile Ins. Co. v. Monday*, 1991 WL 179383 (No. 44299, Mo.App. Western District September 17, 1991).