Joseph SPAETE, a minor, by and his Next Friend, Eva SPAETE and Jeffrey Spaete and Eva Spaete, Individually, Plaintiffs-Respondents,

v.

AUTOMOBILE CLUB INTER–INSURANCE EXCHANGE, Defendant-Appellant,

and

Marie Isermann, Defendant.

No. 52397.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 21, 1987.

Motion for Rehearing and/or Transfer Denied Sept. 2, 1987.

Application to Transfer Denied Oct. 13, 1987.

Joseph M. Kortenhof, Private Atty., St. Louis, for defendant-appellant.

Stephen H. Ringkamp, Private Atty., St. Louis, for plaintiffs-respondents.

DOWD, Judge.

Insurance Company appeals from the judgment of the circuit court declaring that the $100,000 "each occurrence" limit of an automobile liability insurance policy applied rather than the $50,000 "each person" limit of liability. We affirm.

On April 1, 1985, six-year-old Joseph Spaete was struck by a motor vehicle operated by an insured of appellant Automobile Club Inter-Insurance Exchange (hereinafter "AAA"). As a result of the occurrence, Joseph Spaete suffered a cerebral contusion and underwent a craniotomy and right partial frontal lobectomy.

The policy of insurance issued by AAA to its insured set forth limits of liability under said coverage of $50,000 "each person" and $100,000 "each occurrence." The parents of Joseph Spaete had incurred medical expenses as a result of the injuries to their minor son in excess of $78,000 at the time of the settlement agreement.

The parents of Joseph Spaete filed suit against AAA and its insured on behalf of their son and individually for their own damages. Counts I and II set forth the minor's and parents' claims, respectively, against the insured. In Count III, plaintiffs requested a declaratory judgment that the claims of the parents individually and of the minor child constitute separate and distinct injuries and claims and that the $100,000 "each occurrence" limit of liability rather than the $50,000 "each person" limit of the policy is applicable.

The parties entered into an agreement as to the first two counts of plaintiffs' petition whereby AAA paid the initial sum of $50,-000 under the policy of insurance. The parties further agreed to join issue in the declaratory judgment action seeking interpretation of the policy's limit of liability. AAA agreed to pay an additional $50,000 if the declaratory judgment action was resolved in favor of plaintiffs. The issue of the applicable policy limit was submitted to the trial court who thereafter entered judgment in favor of plaintiffs, finding the $100,000 "each occurrence" limit of the policy to be applicable.

■ On appeal, AAA contends the trial court erred in entering judgment for plaintiffs in that the liability provisions of the policy are clear and unambiguous that the applicable policy limit is the $50,000 "each person" limit and not the $100,000 "each occurrence" limit of liability.

We find the decision of our Supreme Court in *Cano v. Travelers Insurance Co.*, 656 S.W.2d 266 (Mo. banc 1983), to be dispositive of the issue before us and therefore affirm the judgment of the trial court in favor of plaintiffs.

In *Cano*, the Missouri Supreme Court found language contained in an automobile insurance policy, which is nearly identical to the language of the policy before us, to be ambiguous and accordingly construed the language against the insurer. *Id.* at 271. The injured party in *Cano* sustained his injuries as a result of a collision with an uninsured motorist. The injured party and his wife filed suit against the automobile insurer of the injured party's employer, seeking to recover under the uninsured motorist coverage. The wife's claim was for loss of consortium.

The uninsured motorist coverage contained a "Limit of Liability" clause which provided:

D. LIMITS OF LIABILITY

Regardless of the number of (1) persons or organizations who are insureds under this policy, (2) persons who sustain bodily injury, (3) claims made or suits brought on account of bodily injury, or (4) highway vehicles to which this policy applies:

1. The limit of liability stated in the declarations is applicable to "each person" is the limit of the Travelers' liability *for all damages because of bodily injury sustained by one person* as a result of any one accident and, subject to the above provision respecting "each person", the limit of liability stated in the declarations as applicable to "each accident" is the total limit of The Travelers' liability for all damages because of bodily injury sustained by two or more persons as the result of a one accident.

(emphasis added).

The Supreme Court found the policy language limiting the insurance company's liability to $10,000 "for all damages because of bodily injury sustained by one person" to be ambiguous. The Court explained that if the participle "sustained" is read as referring to "damages," rather than "bodily injury," then the injured party's wife was entitled to $10,000 on her claim of loss of consortium in addition to the husband's

$10,000 damage claim for bodily injury. *Id.* at 271. The court concluded the ambiguity should be resolved against the insurer and found the wife was entitled to a separate uninsured motorist benefit. *Id.*

Applying the Supreme Court's reasoning in *Cano*, we likewise find here that the plaintiffs, parents and minor son, have separate claims for damages and that the $100,000 "each occurrence" rather than the $50,000 "each person" limit should apply. The language of the Limit of Liability clause in the policy before us is nearly identical, in relevant part, to that in *Cano*. It provides:

LIMIT OF LIABILITY

The limit of liability shown in the Declarations for "each person" for Bodily Injury Liability is our maximum limit of liability *for all damages for bodily injury sustained by any one person* in any one auto accident. Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for Bodily Injury Liability is our maximum limit of liability for all damages for bodily injury resulting from any one auto accident. The limit of liability shown in the Declarations for "each accident" for Property Damage Liability is our maximum limit of liability for all damages to all property resulting from any one auto accident. This is the most we will pay regardless of the number of:

1. Covered persons;
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the auto accident.

(emphasis added).

The phrase "for all damages for bodily injury sustained by any one person" results in the same ambiguity as that found in *Cano* as to whether "sustained" refers to "damages" or "bodily injury." Construing the ambiguity against the insurer who drafted the policy language, *Boling v. State Farm Mutual Automobile Ins. Co.,* 466 S.W.2d 696, 698 (Mo.1971), we find the per occurrence limit of the policy to apply.

AAA contends the *Cano* decision does not apply to the case at bar. According to

AAA, the Missouri Supreme Court in *Cano* did not hold the phrase "all damages because of bodily injury sustained" was ambiguous. Rather, AAA contends the court found an ambiguity to exist because of two conflicting policy provisions; the insuring clause which the court found included the injured party's wife as a named insured, and the limitation clause which contained the phrase "all damages because of bodily injury sustained," and could be construed as excluding the injured party's wife from coverage. AAA contends there are no comparable incompatible policy provisions that need to be harmonized in the policy at issue here.

Our reading of *Cano* and the Supreme Court's recent explanation of its holding in *Cano* lead us to believe the court found the phrase "all damages because of bodily injury sustained" to be ambiguous. In the recent case of *Peters v. Farmers Insurance Co.,* 726 S.W.2d 749 (Mo. banc 1987), our Supreme Court further explained its holding in *Cano*, stating that in *Cano* the court held the language "for all damages because of bodily injury sustained by one person" to be ambiguous. *Id.* at 751. The court added: "The policies now before us do not present the problem of nouns and modifiers which led us to hold that *Cano* contained ambiguous language." *Id.* It is our opinion that the Supreme Court in *Cano* expressly found that the language in the policy's Limit of Liability clause, which is virtually identical in relevant part to the policy before us, was ambiguous.

AAA next attempts to distinguish *Cano* on grounds *Cano* involved an uninsured motorist policy while the policy before us is one for liability coverage. AAA asserts that in the uninsured motorist situation the insurer is dealing with its own insured, while in the liability coverage situation, third party adversaries are involved.

■ As we have already discussed, the Supreme Court in *Cano* found language nearly identical to that before us to be ambiguous and construed that language against the insurer. The rule of construction that ambiguous language contained in a policy of insurance is to be construed against the insurer is equally applicable to

an injured third party making a claim against an insured's liability policy: "[O]ne injured as the result of the negligent operation of an automobile covered by a liability policy can take advantage of the rules of strict construction applicable against the insurer." 7 Am.Jur.2d *Automobile Insurance* § 3 (1980); *see also, Exchange Casualty & Surety Co. v. Scott*, 56 Cal.2d 613, 15 Cal.Rptr. 897, 364 P.2d 833 (banc 1961); *McNeill v. Maryland Ins. Guaranty Assn.*, 48 Md.App. 411, 427 A.2d 1056 (1981).

The rationale behind the rule is that the insurer as drafter of the policy language has the opportunity to clearly word exclusions and limits of its liability. *Watt By Watt v. Mittelstadt*, 690 S.W.2d 807, 810 (Mo.App.1985); *Chamberlain v. Mutual Ben. Health & Acc. Ass'n*, 260 S.W.2d 790, 793 (Mo.App.1953). This rationale applies equally well to liability coverage as it does to uninsured motorist policies.

AAA contends the decision in *Integrity Ins. Co. v. Naleway*, 719 S.W.2d 24 (Mo. App.1986), rather than *Cano*, is dispositive of the issue before us. In *Integrity*, the Western District found policy language limiting liability coverage to be unambiguous.

We find AAA's reliance on *Integrity* to be misplaced. The policy in *Integrity* does not contain the ambiguous language found in the Limit of Liability clause of the policy before us and as was present in the policy in *Cano*. A certified copy of the legal file in *Integrity* was included in AAA's record on appeal. The insurer's limit of liability in *Integrity* was clearly worded and did not present the problem of nouns and modifiers: "The limit of liability shown in the Declarations for this coverage is our maximum limit of liability *for all damages resulting from any one auto accident.* (emphasis added).

Finally, AAA cites *United States Fidelity & Guaranty Co. v. Safeco Ins. Co. of America*, 522 S.W.2d 809 (Mo. banc 1975), for the proposition that the claim of the minor for personal injuries and the claim of his parents for medical expenses and lost services are not separate and distinct claims for damages and are therefore subject to the per person limitation for damages. As the Supreme Court noted in response to a motion for rehearing in *Cano,* the policy in *Safeco* involved a "sharp distinction" in language in that the limit of liability expressly referred to damages for loss of services. *Cano, supra,* at 272. The Limit of Liability clause in *Safeco* clearly defined the limit of bodily injury liability applicable to "each person" to be "the limit of the insurer's liability for all damages, including damages for loss of services, arising out of bodily injury sustained by one person." *Safeco Ins. Co. of America, supra,* at 821 n. 6. We do not find *Safeco* to stand for the proposition asserted by AAA that all damage claims flowing from one bodily injury are subject to the per person limitation.

In conclusion, we find the language contained in the Limit of Liability clause to be ambiguous. Construing that language against the insurer, we find the $100,000 "each occurrence" limit of liability to apply.

The judgment of the trial court in favor of plaintiffs is affirmed.

SMITH, P.J., and REINHARD, J., concur.