**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff–Respondent,**

v.

**Wade ANDREWS, et al., Defendants–Appellants.**

No. 56995.

Missouri Court of Appeals, Eastern District, Division Two.

April 10, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 30, 1990.

Application to Transfer Denied June 19, 1990.

Alan Scott Mandel, St. Louis, Davidson, Schlueter, Mandel & Mandel, Joseph Willemin, Clayton, for defendants-appellants.

Ben Ely, Jr., St. Louis, for plaintiff-respondent.

CRANDALL, Judge.

Plaintiff, State Farm Mutual Automobile Insurance Co. (State Farm), brought a declaratory judgment action against defendants, Wade Andrews, Sally Mounce and Joseph Bethel, seeking a determination of its obligations under an automobile liability insurance policy. Defendants appeal from the judgment of the trial court in favor of State Farm. We reverse.

The facts are not in dispute. Wade Andrews was the named insured under an automobile insurance policy issued by State Farm. The policy covered a 1970 Malibu owned by him. Wade Andrews loaned the 1970 Malibu to his brother, Virgil Andrews, and to Vicki Bethel, neither of whom resided with Wade Andrews. Virgil Andrews and Vicki Bethel became permissive users, both under the terms of the policy as well as under the facts of this case.[1] On December 16, 1987, Virgil Andrews and Vicki Bethel were asphyxiated by carbon monoxide from the car. Joseph Bethel, the father of decedent Vicki Bethel, and Sally Mounce, the mother of decedent Virgil Andrews, presented claims to State Farm against Wade Andrews for the wrongful

---

1. For purposes of this appeal, we assume that both decedents were permissive users of the owner-insured's automobile. The parties agree that the owner-insured gave both decedents permission to drive his car. In addition, neither party challenges the permissive user status of either decedent.

deaths of their children, alleging negligent maintenance of the car. State Farm then brought this action against defendants, contending there was no coverage under its policy.

The insurance policy issued by State Farm and in effect on December 16, 1987, provided that it would "pay damages which an insured becomes legally liable to pay because of bodily injury to others ... caused by accident resulting from the ownership, maintenance or use of [the 1970 Malibu]." In addition to the named insured, an insured was defined, *inter alia,* as "[A]ny person while using such a car if its use is within the scope of consent of you or your spouse." The policy specifically excluded coverage for bodily injury to "any insured."

The trial court found that decedents, Virgil Andrews and Vicki Bethel, were using the automobile with the express permission of Wade Andrews and were included in the term "any insured"; and that the policy therefore afforded Wade Andrews no liability coverage for the wrongful death claims made against him. The sole point on appeal is whether coverage is precluded in this case by the provision in the insurance policy which includes permissive users within the term "any insured" and thus within the group for which coverage for bodily injury is denied.

State Farm cites to several cases in support of its position that decedents qualified as insureds under the policy, such that Wade Andrews was not entitled to liability coverage for their wrongful deaths. Those cases, however, are distinguishable from the case before us. Some of the cases cited deny coverage for injuries which a named insured sustained while not operating the insured vehicle at the time of the accident. *See Cameron Mut. Ins. Co. v. Proctor,* 758 S.W.2d 67 (Mo.App.1988); *Cameron Mut. Ins. Co. v. Hughes,* 690 S.W.2d 424 (Mo.App.1985); *Tickner v. Union Ins. Co.,* 425 S.W.2d 483 (Mo.App. 1968). Other cases deny coverage for injuries which a household member sustained while not operating the insured vehicle at the time of the accident. *See Foster v.*

*State Farm Mut. Auto. Ins. Co.,* 750 S.W.2d 494 (Mo.App.1988); *State Farm Mut. Auto. Ins. Co. v. Thomas,* 549 S.W.2d 616 (Mo.App.1977). In contrast to these cases, the present action only concerns the permissive user exclusion clause of the policy. None of the above-cited cases pertain to permissive users. Cases involving household member and named insured exclusion clauses are therefore unrelated to this action.

In denying coverage to Wade Andrews for decedents' claims, the trial court relied on a case remarkably similar on its facts to the case *sub judice, Shelter Mut. Ins. Co. v. Brooks,* 693 S.W.2d 810 (Mo. banc 1985). In that case, the named insured lent his car to his brother who later was found dead of carbon monoxide asphyxiation. The deceased brother's children sued the named insured for wrongful death. The exclusionary clause precluded recovery by "the insured." *Id.* at 811. The policy stated that permissive users were included in the term "the insured." *Id.*

The Supreme Court of Missouri held that exclusion for bodily injury to "the insured" did not prevent coverage to the named insured in that case. The court reasoned that the language "the insured" was ambiguous and concluded that the exclusionary clause applied only to the insured seeking protection under the policy. *Id.* at 812. The language did not exclude coverage to that insured for liability of that insured to another person who was also entitled to liability protection under the policy. *Id.* The court quoted with approval from Judge Smith's opinion transferring the case to that court, which stated in pertinent part:

> If the article "the" is combined with the plural "insured" it clearly would encompass all insured under the policy. If on the other hand it is combined with the singular "insured" it speaks to a specific insured rather than all members of the class wherein the terms "an insured" or "any insured" are more properly utilized.

*Id.* Thus, the gravamen of the *Brooks* opinion was based upon principles of contract interpretation.

State Farm argues that the insurance policy at issue in the present action avoids the ambiguous policy language construed in *Brooks* because the policy employs the phrase "any insured" rather than the phrase "the insured." It contends that the decedents, as permittees of the named insured, would be included in the phrase "any insured" contained in the exclusionary clause; and that the trial court therefore properly denied coverage under the policy.

Defendants concede that the literal language of the insurance contract in this case circumvents the ambiguity noted in *Brooks* and seemingly bars coverage in clear and unambiguous terms. Defendants contend, however, that the provision in the insurance contract which encompasses permissive users within the definition of "any insured" violates Section 303.190.2(2), RSMo (1986) and is therefore contrary to the legislatively expressed public policy of this State regarding liability insurance coverage. Assuming, without deciding, that the language of the contract is clear, we consider the public policy argument of defendants.

Courts are not authorized to rewrite contracts and must interpret the language of a contract as written. *Protective Cas. Ins. Co. v. Cook*, 734 S.W.2d 898, 905 (Mo.App. 1987). "[A] court will not read into an insurance contract, under the guise of public policy, coverage which is not required by law and which the parties clearly and plainly excluded." *Hussman v. Government Employees Ins. Co.*, 768 S.W.2d 585, 587 (Mo.App.1989). We are mindful, however, that although auto insurance policies are contracts, they also carry public policy considerations extending beyond the rights of the parties. *Allstate Ins. Co. v. Sullivan*, 643 S.W.2d 21, 22 (Mo.App.1982). We note that the *Brooks* decision, cited herein, did not reach the issue of the public policy considerations attendant either upon the use of the language "any insured" in the policy or upon the rote application of the

literal language "any insured" to the facts in the present case.

Section 303.190.2(2), which is part of the Motor Vehicle Safety Responsibility Law,[2] provides in pertinent part that an owner's motor vehicle liability policy "[s]hall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle . . . ."

Clearly, in the instant action, Wade Andrews is the named insured and a tort claim is being brought against him for damages arising out of his alleged negligence in the ownership and/or maintenance of the insured motor vehicle. The Safety Responsibility Statute requires that State Farm's policy provide Wade Andrews with liability coverage against claims by third parties. It is irrelevant that the third party, as a permissive user, might also be entitled to liability protection under the terms of the policy. The Safety Responsibility Law reflects the public policy of this state to assure financial remuneration for damages sustained through the negligent operation of motor vehicles. *See Sullivan*, 643 S.W.2d at 22.

The application of the permissive user exclusionary clause in the insurance policy issued by State Farm, albeit clear and unambiguous, would contravene public policy as expressed in the Safety Responsibility Law. *But cf. American Family Mut. Ins. Co. v. Ward*, 789 S.W.2d 791 (Mo. banc 1990) (upheld family exclusion clause of automobile insurance policy because it was not in conflict with Safety Responsibility Law as it existed in 1985 when the accident occurred). Thus, the acknowledged right of the parties to freely contract in this case must yield to the public policy of this State as expressed in that law. *Id.* We therefore hold that Wade Andrews is entitled to coverage by State Farm's policy in the

2. The Motor Vehicle Safety Responsibility Law, which was amended effective in 1987, made auto insurance mandatory. That law was in effect at the time the present accident occurred.

wrongful death actions initiated against him.

The judgment of the trial court is reversed.

PUDLOWSKI, P.J., concurs.

KAROHL, J., dissents without opinion.