Johnny EAVES and Vicky Eaves, Plaintiffs–Respondents,

v.

Randy Wade BOSWELL, Defendant,

Colonial Insurance Company, Defendant–Appellant.

No. 18512.

Missouri Court of Appeals, Southern District, Division One.

March 23, 1993.

Motion for Rehearing and Transfer Denied April 14, 1993.

James E. Spain, Spain, Merrell & Miller, Poplar Bluff, for defendant-appellant Colonial Ins. Co.

Dennis P. Wilson, Parsons, Mitchell, Wilson & Satterfield, P.C., Dexter, for plaintiffs-respondents.

CROW, Presiding Judge.

Colonial Insurance Company ("Colonial") appeals from a declaratory judgment construing the following provision in one of its automobile liability insurance policies ("the policy"):

> The limits of liability shown in the Declarations apply subject to the following:
> (1) The bodily injury liability limit for each person is the maximum for all damages, including damages for care and loss of services arising out of bodily injury, sickness or disease, including death, suffered by any one person in any one accident.
> (2) ....

The facts are undisputed.

April Eaves, a minor, was a passenger in an automobile operated by Randy Wade Boswell ("Boswell"). An accident occurred. April was injured. The policy provided "bodily injury liability" coverage for Boswell, subject to the following limits shown in the Declarations: $25,000 "each person" and $50,000 "each accident."

Colonial paid April $25,000 in settlement of her claim for her bodily injuries, obtaining an "indemnifying release" from her parents, Johnny Eaves and Vicky Eaves.

Colonial also paid Johnny and Vicky $2,500, in the aggregate, in settlement of a claim by Vicky for bodily injuries sustained by her[1] and a "spouse's claim" by Johnny, presumably for loss of consortium resulting from Vicky's injuries.

Johnny and Vicky ("Plaintiffs") then commenced the instant action against Boswell and Colonial in three counts. By Count I, Plaintiffs sought damages from Boswell for medical expenses for April and loss of her services and earnings. By Count II, Plaintiffs sought punitive damages from Boswell. By Count III, Plaintiffs sought a declaration that the policy's bodily injury liability limit of $25,000 per person "applies separately to the injury claim of the minor, which has already been settled, and to the claim of [Plaintiffs] for injury to the minor, which is the subject of Count I." Plaintiffs pled that if the policy is so construed, $22,500 remains unpaid "from the total occurrence limit under the ... policy."

Colonial's answer averred, "[A]ll sums due and payable under the terms and provisions of said policy have been paid in full, and the insurance has been exhausted."

The trial court entered judgment on Count III stating, in pertinent part:

> 1. The Court finds that the language of the ... policy ... is ambiguous with respect to the limits of liability coverage and that the language can reasonably be read and construed to provide separate coverage limits for the minor's injury claim and for the parental claim arising out of injury to the minor child;
>
> 2. The Court specifically finds that the phrase "suffered by any one person in any one accident" can reasonably be read to modify the term "damages" just as easily as it can be read to modify the term "bodily injury" and that the policy language is, therefore, ambiguous;
>
> 3. The Court further finds that under the law of Missouri such ambiguities

---

1. From the meager record, we infer Vicky was also a passenger in Boswell's automobile when the accident occurred.

must be construed in favor of coverage under the policy; and

4. The Court, therefore, finds that the per person limit of liability under the policy applies separately to the minor's claim and to the parents' claim for damages arising out of injury to the minor.

It is, therefore, ordered, adjudged and decreed on Count III ... that the policy ... provides coverage limits of $25,000 on the claim of the minor April Eaves for her injury; that the policy provides separate coverage for the parents' claim arising out of injury to the minor child; that the maximum per occurrence limit under the policy is $50,000; that [Colonial] has paid $25,000 on the minor's claim and $2,500 on Vicky Eaves' individual claim for her injuries, for a total of $27,500; and that there is remaining liability coverage of $22,500 on the claim of Plaintiffs ... for the injury to their minor child April Eaves.

Although the judgment disposed of only Count III, leaving Counts I and II unresolved, the trial court, pursuant to Rule 74.01(b), Missouri Rules of Civil Procedure (1992), made an express determination that there was no just reason for delay in adjudicating Count III. This appeal followed.

Colonial presents one point relied on, which reads:

The trial court erred in finding the language of the ... policy to be ambiguous. By clear and specific language, the policy limits liability coverage for all damages, <u>including damages for care and loss of service,</u> to $25,000.00. By virtue of the above underlined language the derivative action of the parents is subject to the $25,000.00 liability limit.

Both sides cite *Cano v. Travelers Insurance Co.*, 656 S.W.2d 266 (Mo. banc 1983). There, a man (Jesse) was injured when an automobile he was driving collided with one driven by an uninsured motorist. Jesse obtained a $50,000 judgment for his injuries against the motorist, and Jesse's wife (Joyce) obtained a $10,000 judgment against the motorist for loss of consortium. Jesse was an insured under a policy providing uninsured motorist coverage, containing this clause:

Regardless of the number of ... claims made or suits brought on account of bodily injury ... to which this policy applies:

1. The limit of liability stated in the declarations is [2] applicable to "each person" is the limit of [the insurer's] liability for all damages because of bodily injury sustained by one person as a result of any one accident....

*Id.* at 268. The limit of liability stated in the policy declarations was $10,000 "each person." The Supreme Court of Missouri construed the clause, saying:

The Court of Appeals held ... that the policy provisions which limit the insurance company's liability to a total of $10,000 for "all damages because of bodily injury sustained by any one person as a result of any one accident" mean that Jesse, for his personal injuries, and Joyce, for loss of consortium, may not recover together more than $10,000 on account of the accident for which they recovered judgments. We do not agree.

There is a problem of interpretation in the policy language just quoted. If the participle "sustained" is read as referring to "damages" then Joyce's damages, as well as Jesse's, would be covered, inasmuch as a person entitled to damages on account of bodily injury to another is explicitly named as an insured in the policy. If "sustained" is to be read as modifying "bodily injuries," then the conclusion of the Court of Appeals would be correct. It is not unusual to speak both of "damages sustained" and of "injuries sustained." One circumstance is that the participle is closer to "injuries" than it is to "damages." This might indicate that it modifies the nearest noun. But this circumstance is not a very strong one, especially when one considers that Joyce is clearly within the third "insured" classification of the poli-

---

**2.** Should "is" be "as"? It appears so. *See: Peters v. Farmers Ins. Co., Inc.*, 726 S.W.2d 749, 751 (Mo. banc 1987).

cy and that a limiting construction might dilute or eliminate any effective coverage for persons in her position. A construction which may render a portion of the policy illusory should not be indulged in.

We conclude that there is an ambiguity which should be resolved against the insurer.... We hold ... that Joyce is entitled to recover $10,000 of uninsured motorist benefits, in addition to Jesse's entitlement.

*Id.* at 271[5, 6].

In a motion for rehearing, the insurer in *Cano* argued the holding was contrary to *United States Fidelity & Guaranty Co. v. Safeco Insurance Co. of America*, 522 S.W.2d 809 (Mo. banc 1975). *Cano*, 656 S.W.2d at 271.

In *United States Fidelity*, an automobile insurance policy provided the limit of bodily injury liability coverage stated in the declarations as applicable to "each person" was the limit of the insurer's liability for all damages, including damages for loss of services, arising out of bodily injury sustained by one person. 522 S.W.2d at 821 n. 6. The insured driver had an accident, injuring two teenage passengers. One of them (Robert) obtained judgment against the insured for his bodily injuries. Robert's father obtained judgment against the insured for loss of Robert's services. Regarding the father's judgment, the Supreme Court of Missouri said, "[T]hese consequential damages must be considered as falling within the policy limits set for any one person." *Id.* at 821. The Court explained that the "each person" limitation is applicable to all claims of damage flowing from such bodily injury, and therefore it is immaterial that some part of the damage may be claimed by a person other than the one suffering the bodily injuries. *Id.* at 821 n. 6. In other words, all damage claims, direct and consequential, resulting from injury to one person, are subject to the limitation. *Id.*

Denying the insurer's motion for rehearing in *Cano*, the Supreme Court held:

[*Cano* and *United States Fidelity*] do not involve "essentially the same language," but demonstrate a sharp distinction. The language in [*United States Fidelity*] refers expressly to "damages for loss of services." The policy there involved stated explicitly something the policy before us lacks.

656 S.W.2d at 272.

Four years after *Cano*, the Supreme Court of Missouri decided *Peters v. Farmers Ins. Co., Inc.*, 726 S.W.2d 749 (Mo. banc 1987). There, a minor was injured by an uninsured motorist. The minor's family had two insurance policies supplying uninsured motorist coverage. Each policy provided that the limits of the insurer's liability, unless otherwise stated in the declarations, shall be the limits of bodily injury liability required by the motor vehicle financial responsibility law of the state where the named insured resides. At the time the minor was injured, the statutory requirement was $25,000.

The policy declarations in *Peters* showed bodily injury liability limits of $25,000 "each person" and $50,000 "each occurrence." The uninsured motorist provision of each policy obligated the insurer:

To pay all sums which the owner or operator of an uninsured motor vehicle would be legally responsible to pay as damages to the insured because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured motor vehicle....

*Id.* at 751.

The minor and her mother sued the insurer. It claimed its maximum exposure under each policy was the $25,000 "each person" limitation in each policy's declarations. The trial court held the minor and her mother could each recover such damages as each could establish, for an aggregate recovery of up to the $50,000 "each occurrence" limit of each policy. 726 S.W.2d at 750. The Supreme Court of Missouri disagreed, holding the minor and her mother could not collect, in the aggregate, more than $25,000 under each policy.[3]

---

**3.** *Peters* was decided 4–3. 726 S.W.2d at 752.

Three of the four in the majority have departed

Distinguishing *Cano*, the majority opinion in *Peters*[4] said:

The policies now before us do not present the problem of nouns and modifiers which led us to hold that *Cano* contained ambiguous language....

We do not believe that the policy language is ambiguous....

The [uninsured motorist provision] bears a superficial resemblance to the language which we found ambiguous in *Cano*, but there is a significant difference. In *Cano*, the policy referred to "damages because of bodily injury sustained by one person." We held that "sustained" could be read as applying either to "damages" or to "bodily injury," and opted for the construction favorable to the insured. The present language reads, "damages to the insured because of bodily injury sustained by the insured." This language does not admit of the *Cano* construction, and imposes no obstacle to the application of the limits of liability clause.

....

We find no indication that the insurer, in the policy language, held out or suggested coverage in excess of that required by the statutory limits. There is no conflict with *Cano*.

*Peters*, 726 S.W.2d at 751–52.

Three years after *Peters*, the Supreme Court of Missouri decided *Lair v. American Family Mutual Ins. Co.*, 789 S.W.2d 30 (Mo. banc 1990). There, a minor was injured in a one-car accident. The vehicle and its driver were uninsured, but the minor had an automobile insurance policy covering a vehicle owned by him. Its limits were $25,000 "per person" and $50,000 "per accident." It provided uninsured motorist coverage. The minor sued his insurer, claiming damages exceeding $25,000 for his bodily injuries. His parents joined the suit, asserting a derivative claim of $17,-

997.88 for medical expenses incurred on their son's behalf.

The policy contained this provision:

The limits of liability shown in the declaration apply, subject to the following:

1. The limit for "each person" is the maximum for bodily injury sustained by any person in any one accident.

2. ....

The trial court in *Lair* held the minor's claim exhausted the $25,000 "per person" limit, hence the parents could recover nothing from the insurer. Upholding that ruling, the Supreme Court of Missouri rejected the parents' reliance on *Cano*. The *Lair* opinion says:

[In *Cano*] the Court held the language, "[t]he limit of liability stated in the declarations is applicable to 'each person' is the limit of [the insurer's] liability for all damages because of bodily injury sustained by one person as a result of any one accident ..." was ambiguous.... The ambiguity resulted because the grammatical arrangement of the sentence allowed the participle "sustained" to modify either the phrase "all damages" (thus applying to bodily and non-bodily injuries) or the phrase "bodily injuries" (in which case non-bodily injuries would be excluded). The case *sub judice* presents no such problems of syntax. The words, "[t]he limit for 'each person' is the maximum for bodily injury sustained by a person in any one accident" are unambiguous, as the participle "sustained" can only modify "bodily injury," hence the policy's language belies the claim of ambiguity.

*Lair*, 789 S.W.2d at 34.[5]

We are constitutionally bound to follow the last controlling decision of the Supreme Court of Missouri. Mo. Const. art. V, § 2; *State v. Wilson*, 795 S.W.2d 590, 591[1] (Mo.App.1990); *Estate of Seabaugh*, 654 S.W.2d 948, 957[4] (Mo.App.1983). Obvi-

the Court, as have all the dissenters.

4. The author of the majority opinion in *Peters* also authored *Cano* (a unanimous decision).

5. The author of *Cano* concurred in *Lair*, a unanimous decision.

ously, our task here is to identify which one it is.

In *United States Fidelity*, the policy said the "each person" limit was the insurer's maximum exposure for all damages, *including damages for loss of services*, arising out of bodily injury sustained by one person. The Supreme Court held a father's derivative claim for loss of his son's services fell within the "each person" limit. 522 S.W.2d at 821.

In *Cano*, the Supreme Court found a "sharp distinction" between the policy language there and the policy language in *United States Fidelity*, emphasizing that the latter expressly referred to "damages for loss of services," something the *Cano* policy lacked. 656 S.W.2d at 272. Nothing in *Cano* suggests the Supreme Court intended to weaken *United States Fidelity*.

In *Peters*, the policy obligated the insurer to pay "damages to the insured because of bodily injury sustained by the insured." The Supreme Court found the language unambiguous. Declaring *Cano* inapplicable, the Court held the "each person" limit was the most the insurer had to pay, in the aggregate, to a minor for her bodily injuries and to her mother for the latter's derivative claim. 726 S.W.2d at 751–52.

In *Lair*, the policy said the "each person" limit was the "maximum for bodily injury sustained by any person in any one accident." Again, the Supreme Court found the language unambiguous, held *Cano* inapplicable, and ruled that inasmuch as an injured minor's claim for his bodily injuries exceeded the "each person" limit, no coverage remained from which his parents' claim for medical expenses could be satisfied. 789 S.W.2d at 34.

The lesson we cull from these cases is that the policy language must be microscopically dissected to determine whether an ambiguity exists. Only in *Cano* did the Supreme Court detect one.

The language in Colonial's policy comes closest to the policy language in *United States Fidelity*.

Colonial's policy: "The bodily injury liability limit for each person is the maximum for all damages, including dam-

ages for care and loss of services arising out of bodily injury ... suffered by any one person in any one accident."

*United States Fidelity's* policy: "[T]he limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of the insurer's liability for all damages, including damages for loss of services, arising out of bodily injury sustained by one person."

Where one person suffers bodily injury for which he and others may claim various types of damages, Colonial's policy goes farther than *United States Fidelity's* policy toward limiting the insurer's liability for all damages, in toto, to one "each person" limit. In referring to "all damages," Colonial's policy uses the phrase "including damages for care and loss of services." In referring to "all damages," *United States Fidelity's* policy uses the phrase "including damages for loss of services."

When a minor is injured because of another's fault, two causes of action arise: the minor's claim for damages for personal injuries and the parents' claim for loss of services and expenses necessarily incurred by them for the minor's medical treatment. *Garrison v. Ryno*, 328 S.W.2d 557, 563–64[7] (Mo.1959). Obviously, "damages for care and loss of services" arising out of bodily injury suffered by a child are recoverable by the parents, not the child, unless the parents waive the claim. *Garrison*, 328 S.W.2d at 564.

In Colonial's policy, "damages for care and loss of services" are explicitly included in the $25,000 "each person" limit of liability for damages "arising out of bodily injury ... suffered by any one person in any one accident." We hold this provision is too different from the policy language in *Cano* for the *Cano* analysis to apply. We further hold Colonial's policy language is unambiguous and places a $25,000 cap on Colonial's liability for all damages, in the aggregate, arising out of the bodily injury suffered by April Eaves, including April's claim and Plaintiffs' derivative claim for the expenses of April's medi-

cal care and loss of her services and earnings.

Our holding does not contradict *Spaete v. Automobile Club Inter–Insurance Exchange*, 736 S.W.2d 480 (Mo.App.1987), and *Anderson v. St. Paul Mercury Ins. Co.*, 792 S.W.2d 440 (Mo.App.1990), decided by the Eastern District and Western District of this Court, respectively.

*Spaete* involved an "each person" limit of liability "for all damages for bodily injury sustained by any one person in any one auto accident." 736 S.W.2d at 482. *Spaete* held the clause contained the same ambiguity found in *Cano*, hence an injured minor could recover the "each person" limit for his bodily injury and his parents could recover the "each person" limit for medical expenses incurred by them for the minor's treatment. In reaching that decision, the Eastern District found the language in the *Spaete* policy and the language in the *Cano* policy "virtually identical in relevant part." *Id.* That circumstance does not exist in the instant case.

*Anderson* involved an "each person" limit of liability clause identical to the one in *Spaete*. 792 S.W.2d at 441–42. Applying *Cano* and *Spaete*, the Western District held the clause was ambiguous, thus a man could recover the "each person" limit for his bodily injury and his wife could recover the "each person" limit for her derivative claim for loss of consortium. *Anderson*, like *Spaete*, is inapplicable here.

The judgment on Count III is reversed and the cause is remanded to the trial court for entry of judgment declaring Colonial has no liability to Plaintiffs for any claim by them against Boswell arising out of bodily injury suffered by April Eaves in the subject accident.

PARRISH, C.J., and SHRUM, J., concur.