STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
Plaintiff/Respondent,

v.

Elizabeth A. & Robert K. BUTLER,
and Terrance J. Barnoski, Jr.,
Defendants/Appellants.

No. 66734.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 13, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 27, 1995.

Application to Transfer Denied
Sept. 19, 1995.

Joseph L. Walsh, III, Gray & Ritter, P.C., St. Louis, for appellants.

Gerre S. Langton, Joan B. Bernstein, Evans & Dixon, St. Louis, for respondent.

PUDLOWSKI, Judge.

This appeal arises from the grant of Summary Judgment to Plaintiff–Respondent State Farm Mutual Automobile Insurance Company in a Declaratory Judgment action filed in the Circuit Court of St. Louis County. State Farm sought and was granted declaration that it owed no duty to defend an automobile driver and that its liability was limited to $25,000 under Missouri's Motor Vehicle Financial Responsibility Law (MVFRL), § 303.190.2.[1]

In reviewing a declaratory judgment, we will sustain the lower court's decision unless it is not supported by substantial evidence, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Harold S. Schwartz & Associates, Inc. v. Continental Casualty Company,* 705 S.W.2d 494, 497 (Mo.App.1985).

The facts are not in dispute. Appellants Robert and Elizabeth Butler were the father and mother of Charlotte Butler, deceased, who resided in their home. On July 24, 1991, Terrance Barnoski was the permissive user of a 1989 Ford Mustang in which Charlotte Butler was a passenger. When the vehicle, which was owned by the Appellants, overturned, Charlotte was killed. Barnoski plead guilty to involuntary manslaughter as a result of the fatal accident.

On and prior to July 24, 1991, there was a State Farm insurance policy issued to the appellants with limits of liability for bodily injury for $100,000 per person and $300,000 each accident. This policy insured the 1989 Ford Mustang which was driven by Barnoski. Barnoski had been given permission to drive the vehicle by Charlotte. He was not related to nor did he reside in the household of the named insureds, the appellants.

Appellants brought a wrongful death action in the Circuit Court of St. Louis County, styled *Elizabeth A. Butler and Robert K. Butler v. Terrance J. Barnoski, Jr.* The petition alleged that Barnoski negligently and carelessly caused the death of Charlotte when the car which he was driving left the roadway and overturned.

State Farm brought an action for declaratory judgment on the grounds that the "household exclusion" set forth below precludes any liability coverage for Barnoski beyond the requirements of the MVFRL.

Section 1—Liability—Coverage A, page 6, of the policy provides in pertinent part that State Farm will:

1. Pay damages for which an *insured* becomes legally liable to pay because of:

a. bodily injury to others ... caused by accident resulting from the ownership, maintenance or use of *your car;* and

2. Defend any suit against any *insured* for such damages with attorneys hired and paid by us....

An *"Insured"* is defined at page 6 as:

3. The *relatives* of the first *person* named in the declarations;

4. Any other *person* while using such a *car* if its use is within the scope of consent of *you* or *your spouse;*....

*"Relative"* is defined on page 3 as:

Means a *person* related to *you* or *your spouse* by blood, marriage or adoption or who lives with *you.* It includes *your* unmarried and unemancipated child away at school.

Coverage A page 7, provides "when coverage does not apply."

THERE IS NO COVERAGE:

2. FOR ANY BODILY *INJURY* TO:

C. ANY *INSURED* OR ANY MEMBER OF AN *INSURED'S* FAMILY RESIDING IN THE *INSURED'S* HOUSEHOLD.

Appellants also filed a motion for summary judgment contending that Missouri law and public policy require a finding that the household exclusion does not apply to a situation involving a permissive user who is not related to or residing with the named insureds and whose negligent operation of a vehicle owned by the named insureds resulted in the death of their daughter.

The court granted State Farm's Motion for Summary Judgment holding that State Farm

1. All statutory references are to RSMo Supp. 1993 unless otherwise noted.

had no duty to pay any amount in excess of the $25,000 per person minimum under MVFRL and that State Farm has no further obligation to Barnoski to provide a defense for him in the wrongful death suit. On September 29, 1994, State Farm deposited $25,000 into the registry of the court in the wrongful death cause of action. This appeal followed.

The sole issue on appeal is whether the "household exclusion" bars the claim of a member of the named insured's household when a permissive user of the vehicle, who is insured under the terms of the policy, is not a member of the named insureds' household. The Butlers argue that in this context, the household exclusion should not apply because the incentive for collusion between family members is absent; they argue this is the sole basis for upholding such exclusionary clauses. Therefore, the Butler's assert that public policy dictates that the household exclusion should not apply to bar claims such as these when the permissive user is the person seeking coverage under the policy. We disagree.

In *Halpin v. American Family Mut. Ins. Co.,* 823 S.W.2d 479 (Mo. banc 1992), the Supreme Court of Missouri held that the MVFRL effective July 1, 1987, partially invalidated a "household exclusion" clause virtually identical to the one in the Butler's policy. The MVFRL requires that motor vehicle liability insurance policies provide $25,000 per person and $50,000 per accident coverage to injured persons. § 303.190.2. The purpose served by the MVFRL "is to make sure that people who are injured on the highways may collect damage awards, within limits, against negligent motor vehicle operators." *Id.* at 482. This purpose would be incompletely fulfilled if the household exclusion clause were fully enforced. *Id.*

■ However, the MVFRL did not render household exclusion clauses entirely void. *State Farm Mut. Auto. Ins. Co. v. Zumwalt,* 825 S.W.2d 906, 909 (Mo.App.S.D.1992). Section 303.190.2 requires motor vehicle liability insurance policies to provide coverage in only the amounts specified therein. Insurers and their policyholders are free to make insurance contracts containing household ex-

clusion clauses affecting coverage in excess of the amounts required by § 303.190.2. *Halpin,* 823 S.W.2d at 482–483; *see also Zumwalt,* 825 S.W.2d at 909. Section 303.190.7 "manifests to insureds that they have no basis for expecting coverage in excess of the requirements" of the MVFRL. *Halpin,* 823 S.W.2d at 483.

■ In the absence of ambiguity and in the absence of a statute or public policy requiring coverage, we are to enforce the policy as written. *Jasper v. State Farm Mut. Auto. Ins. Co.,* 875 S.W.2d 954, 957 (Mo.App.E.D.1994).

■ In this case, Charlotte was the daughter of the named insureds, Robert and Elizabeth Butler. The Butler's policy stated that "THERE IS NO COVERAGE: 2. FOR ANY BODILY *INJURY* TO: C. ANY *INSURED* OR ANY MEMBER OF AN *INSURED'S* FAMILY RESIDING IN THE *INSURED'S* HOUSEHOLD." Charlotte Butler fits squarely within the excluded category. As the daughter of the named insureds who resided with them, Charlotte was a "... MEMBER OF AN *INSURED'S* FAMILY RESIDING IN THE *INSURED'S* HOUSEHOLD." There is no coverage for bodily injury to her. *State Farm Mutual Automobile Insurance Co. v. Ballmer,* 899 S.W.2d 523, 525–526 (Mo. banc 1995).

We are unpersuaded by the Butler's argument regarding Barnoski's status as a permissive user and the inapplicability of the household exclusion. The Butlers contend that the sole basis for upholding exclusionary clauses is to safeguard insurance companies from collusion between family members. It is true that Missouri courts have recognized that general rule. *Jasper,* 875 S.W.2d at 957. However, as we have recognized *supra,* parties are free to contract beyond what is required by the MVFRL. *Halpin,* 823 S.W.2d at 482–483. But for MVFRL, the household exclusion clause in State Farm's policy would have precluded recovery completely from State Farm based on Barnoski's negligent operation of the motor vehicle. *State Farm Fire & Cas. Co. v. Metcalf, by Wade,* 861

S.W.2d 751, 754 (Mo.App.S.D.1993). State Farm has already paid what is required of it by the MVFRL and owes no further duty to Barnoski. There is no justification in public policy to extend coverage in the case of a permissive user beyond what is required by the MVFRL and thus encroach on the parties' freedom to contract. Accordingly, we decline to extend the public policy exception beyond the statutory requirements of § 303.190.2 as explained in *Halpin.*

Moreover, the Butler's reliance on *State Farm Mut. Auto. Ins. Co. v. Andrews,* 789 S.W.2d 144 (Mo.App.E.D.1990) is misplaced because the decision turned on different facts. In that case, two permissive users were asphyxiated by carbon monoxide. The father of one of the permissive users and the mother of the other sued the vehicle owner, the named insured. One of the deceased permissive users was also the brother of the named insured, but did not reside in the same household. The court held that, based on public policy grounds, the named insured could be sued for his own negligence which harmed the permissive user. The court stated that "[t]he Safety Responsibility Statute requires that State Farm's policy provide Wade Andrews with liability coverage against claims by third parties. It is irrelevant that the third party, as a permissive user, might also be entitled to liability protection under the terms of the policy." *Andrews,* 789 S.W.2d at 146. In this case, the Butlers argue that because Barnoski was a permissive user, who was not a member of the named insured's household, the "household exclusion" clause should not apply. Coverage is sought for the tortious acts of the permissive user which harmed a member of the named insureds' family who resided in their household. In *Andrews,* the court found that public policy dictated that there be coverage for the named insured for his own tortious acts, notwithstanding the fact that the insurance policy may have covered the permissive user. This is inapposite to the rationale espoused by the Butlers and the facts of the present case.

Furthermore, the decision was handed down before *Halpin* partially invalidated household exclusion clauses. Both the deci-sion in *Andrews,* which predated *Halpin,* and *Halpin* were based upon public policy. Because *Andrews* did not address the statutory requirements of the MVFRL and their effects on public policy, we must rely on the limitations placed upon public policy that were set out in *Halpin,* 823 S.W.2d at 482–483.

For the foregoing reasons, the decision of the trial court is affirmed in all respects.

SMITH, P.J., and WHITE, J., concur.