Kara KEARBEY, a minor, by her Next Friend, Earl Lee KEARBEY, Jr., and Earl Lee Kearbey, Jr. personally and Karen Kearbey, Plaintiffs–Appellants,

v.

Valerie KINDER and Progressive Insurance Company, Defendants–Respondents.

No. 21664.

Missouri Court of Appeals, Southern District, Division Two.

June 1, 1998.

Motion for Rehearing or Transfer Denied June 22, 1998.

Application for Transfer Denied Aug. 25, 1998.

Douglas R. Kennedy, Kennedy & Kennedy, Poplar Bluff, for Plaintiffs–Appellants.

Jeffrey P. Hine, Osburn, Hine, Kuntze & Yates, L.L.C., Cape Girardeau, for Respondent, Progressive Insurance Company.

BARNEY, Judge.

This action involves the construction of a "household exclusion" clause of an auto-

mobile insurance policy (the policy).[1] The suit was brought by Plaintiff Earl Lee Kearbey, Jr., as next friend of Kara Kearbey, a minor (daughter), and Plaintiff Earl Lee Kearbey, Jr., together with Plaintiff Karen Kearbey (parents) to recover damages from Defendant Valerie Kinder and Mr. Kearbey's insurance carrier, Progressive Insurance Company (Insurer), arising from an automobile accident.[2]

Plaintiffs filed their first amended petition in three counts against Insurer. Count I was a claim for daughter's personal injuries caused by Defendant Kinder's negligent operation of an automobile. Count II consisted of a claim by daughter's parents for damages arising from her medical expenses and loss of their daughter's society, services and companionship arising from daughter's personal injuries. In Count III, parents sought a declaratory judgment determining that they were entitled to policy coverage for their derivative claims arising from their daughter's personal injuries, free from any exclusionary provision of the policy.

The trial court entered an interlocutory judgment on Count I of the amended petition, determining that daughter had been damaged in the amount of $25,000.00. Subsequently, the trial court authorized settlement of daughter's personal injury claim.

The remaining counts of parents' petition were tried upon stipulated facts, and the trial court subsequently entered its judgment in favor of parents and against Defendant Kinder in the amount of $25,000.00 in connection with parents' derivative claims in Count II of their amended petition. However, as to Count III, the trial court determined that after payment was made to daughter in the amount of $25,000.00, as mandated by the Missouri Motor Vehicle Financial Responsibility Law (MVFRL), the policy's household exclusion provision precluded parents' recovery under the policy.[3] § 303.190.2(2) RSMo 1994; *see Halpin v. American Family Mut. Ins. Co.*, 823 S.W.2d 479 (Mo. banc 1992). Thus, judgment was entered in favor of Insurer on Count III of parents' petition for declaratory judgment. This appeal followed.

The policy's pertinent provisions provide the following:

**PART I   LIABILITY TO OTHERS**

**Coverage A—Bodily Injury**

**Limits of Liability**

The limits of liability shown on the Declarations apply subject to the following:

The **bodily injury** liability limit for "each person" is the maximum for **bodily injury** sustained by one person in any one accident, and includes all derivative claims which include, but are not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

\* \* \*

**[DECLARATION PAGE]**

**COVERAGES—LIMITS OF LIABILITY**

**Injury** $50,000 EACH PERSON—$100,000 EACH ACCIDENT

---

1. As a very general rule, a "household exclusion" provision in an automobile liability insurance policy refers to a limitation or exclusion from providing coverage for bodily injury to the insured or any one connected with the insured by blood or affinity. Subject to exceptions not immediately germane, a "household exclusion" provision will be given effect, unless such an exclusion should be deemed a violation of public policy, a statute, or regulation. *See* Patrick D. Kelly, Blashfield Automobile Law and Practice, § 323.5, at 214, 221 (3rd ed. rev.1987).

2. The facts are not disputed. Plaintiff Kara Kearbey, born June 13, 1979, is the minor daughter of Plaintiffs Earl Lee Kearbey, Jr., and Karen Kearbey. At the time of the accident, Kara was residing with her parents. Also, at the time of the accident, Defendant Valerie Kinder was operating Plaintiff Earl Lee Kearbey, Jr.'s 1989 Pontiac Sunbird with his permission. Kara was a passenger in the vehicle. Defendant Kinder drove the vehicle in a negligent manner, causing it to leave the road and collide with an object off the road. The automobile was insured by Insurer under its policy number 45007895–0 and coverage was provided up to the terms of the applicable policy limits, which are in dispute.

3. The *Halpin* provision mandated by the Supreme Court of Missouri essentially "effects a partial invalidity" of a household exclusion clause. *See Gabriel v. Shelter Mut. Ins. Co.*, 897 S.W.2d 119, 123 (Mo.App.1995). The minimum level of financial responsibility in Missouri for motor vehicle liability is $25,000.00. § 303.190.2, RSMo 1994.

\* \* \*

MISSOURI AMENDATORY ENDORSEMENT
PART I LIABILITY TO OTHERS
EXCLUSIONS:

11. Bodily injury to any person related to an insured person by blood, marriage or adoption and residing in that person's household. This exclusion applies only to the extent that the limit of liability for this coverage exceeds the minimum limit of liability required by the financial responsibility law of Missouri.

\* \* \*

In their appeal relating to Count III of their petition, parents raise two similar points of trial court error. Both points involve the construction of the policy's "household exclusion" clause, *supra*, and will be considered conjunctively.

In Point One, parents maintain that the plain language of the "Limits of Liability" clause affords coverage for daughter's liability claims arising from her bodily injuries as well as parents' derivative claims per the declaration page of the policy providing $50,000.00 coverage for bodily injury to each person.

In Point Two, parents aver that the *Halpin* exclusionary clause (contained in the household exclusion provision of paragraph 11 of the Amendatory Endorsement to the policy) is not found in the "Limits of Liability" clause (Part I of the policy). Parents thus argue that this constitutes an ambiguity because one part of the policy, i.e., the "Limits of Liability" clause, provides coverage for bodily injuries, and derivative claims arising from these bodily injuries, while another part of the policy, i.e., the household exclusion clause containing the *Halpin* language, limits these recoveries. Parents maintain that this ambiguity requires a resolution adverse to Insurer, thereby affording coverage to parents on their derivative claims in the amount of $25,000.00, in addition to daughter's bodily injury coverage in the amount of $25,000.00.

■ "In reviewing a declaratory judgment, we will sustain the lower court's decision unless it is not supported by substantial evidence, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law." *State Farm Mut. Auto. Ins. Co. v. Butler*, 904 S.W.2d 350, 351 (Mo.App.1995)(citing *Harold S. Schwartz & Associates, Inc. v. Continental Cas. Co.*, 705 S.W.2d 494, 497 (Mo.App.1985)).

■ "The law of contracts applies to an insurance policy, and any claim or suit by either party must be based on the policy issued." *Gabriel*, 897 S.W.2d at 120. "The policy should be construed as a whole." *Id.* (citing *Dieckman v. Moran*, 414 S.W.2d 320, 321 (Mo.1967)). "To determine the intention of the parties to an insurance contract, the entire policy and not detached provisions or clauses must be considered." *Id.* (citing *Doty v. American Nat'l Ins. Co.*, 350 Mo. 192, 165 S.W.2d 862, 869 (1942)); *see also Rice v. Fire Ins. Exchange*, 946 S.W.2d 40, 42 (Mo.App.1997).

■ "If the language of an insurance contract is clear and unambiguous, the court does not have the power to rewrite the contract for the parties and must construe the contract as written." *Gabriel*, 897 S.W.2d at 120–21 (citing *Madison Block Pharmacy, Inc. v. U.S. Fidelity and Guar. Co.*, 620 S.W.2d 343, 346 (Mo. banc 1981)). An ambiguity exists in an insurance policy when there is duplicity, indistinctness or uncertainty in the meaning of the language used in the policy. *Rice*, 946 S.W.2d at 42. The determination of whether an insurance contract is ambiguous is a question of law. *Id.* "Existing and valid statutory provisions enter into and form a part of all contracts of insurance to which they are pertinent and applicable as fully as if such provisions were written into them." *Gabriel*, 897 S.W.2d at 121 (citing *Ward v. Allstate Ins. Co.*, 514 S.W.2d 576, 578 (Mo. banc 1974)). In the absence of ambiguity and in the absence of a statute or public policy to the contrary, we are to enforce the policy as written. *Butler*, 904 S.W.2d at 352.

■ Exclusionary clauses in insurance contracts are strictly construed against the insurer. *Rice*, 946 S.W.2d at 42. If an exclusionary clause is ambiguous, we must

adopt a construction favorable to the insured. *Id.*

In review of parents' allegations of trial court error, we first note that "[a]n insurance company may include a derivative claim in the single limits or treat the derivative claim as a separate injury entitled to separate limits by the language of its policy." *Remspecher v. Jacobi*, 941 S.W.2d 701, 702 (Mo.App.1997). Under insurance policies fixing a maximum recovery for "bodily injury" to one person, it has been held that the limitation is applicable *to all claims of damage* flowing from such bodily injury. *Id.* (emphasis added); *see also Eaves v. Boswell*, 852 S.W.2d 353, 358–59 (Mo.App.1993). It is therefore immaterial that some part of the damages may be claimed by a person other than the one suffering the bodily injuries. *Id.*

In *Eaves*, this Court interpreted a similar "limits of liability" provision as in the instant case. *Eaves*, 852 S.W.2d at 354. It read as follows:

> (1) The bodily injury liability limit for each person is the maximum for all damages, including damages for care and loss of services arising out of bodily injury ... suffered by any one person in any one accident.

*Id.*

We concluded in *Eaves* that the "bodily injury liability" coverage of $25,000.00, as shown in the declaration page of the policy, unambiguously placed a $25,000.00 cap on insurer's liability "for all damages, in the aggregate, arising out of the bodily injury suffered by [the injured party], including [the injured party's] claim and Plaintiffs' derivative claim...." *Id.* at 358.

Were we to read the instant policy's "Limit of Liability" clause in isolation, parents thesis would have merit. The plain language of the "Limits of Liability" clause affords coverage both for their daughter's bodily injuries, as well as Parents' derivative claims.[4] This is because the policy's declaration page provides for $50,000.00 in coverage arising from injury to one person and "bodily injury liability" for "each person" is described as "the maximum for **bodily injury** sustained by one person in any one accident, and includes all derivative claims...."

However, we determine that the "Limits of Liability" clause cannot be read in isolation, detached from the other provisions of the policy. *See Gabriel*, 897 S.W.2d at 120; *Rice*, 946 S.W.2d at 42.

In the "Amendatory Endorsement, Part I, Liability to Others Exclusions" it is made unambiguously clear that "bodily injury to any person related to an insured person by blood, marriage or adoption and residing in that person's household ..." are specifically excluded from coverage to the extent that any liability exceeds the minimum limit of liability required by the MVFRL. Daughter fits squarely within the excluded category of persons. *See Butler*, 904 S.W.2d at 352.

As noted in *Butler*, but for the MVFRL, the household exclusion clause in Insurer's policy would have entirely precluded recovery based on the accident at issue. *See id.; see also Gabriel*, 897 S.W.2d at 123 (*"Halpin* did not completely eliminate the effectiveness of household exclusion clauses." "[I]nsurers and their policyholders are free to make insurance contracts containing household exclusion clauses affecting coverage in excess of the amounts required by § 303.190.2."). Thus, the maximum level of liability under the terms of the policy for daughter's bodily injury is $25,000.00. *See Butler*, 904 S.W.2d at 353; *see also State Farm Mut. Auto. Ins. Co. v. Ballmer*, 899 S.W.2d 523, 526 (Mo. banc 1995). Therefore, no coverage exists for parents' derivative claims since all damage claims, direct and consequential, resulting from injury to one person, are subject to the exclusionary limitation. *Remspecher*, 941 S.W.2d at 702; *Eaves*, 852 S.W.2d at 358–59. Since Insurer has already paid what is re-

---

4. "When a minor is injured because of another's fault, two causes of action arise: the minor's claim for damages for personal injuries and the parents' claim for loss of services and expenses necessarily incurred by them for the minor's medical treatment." *Eaves*, 852 S.W.2d at 358.

"Obviously, 'damages for care and loss of services' arising out of bodily injury suffered by a child are recoverable by the parents, not the child, unless the parents waive the claim." *Id.* (quoting *Garrison v. Ryno*, 328 S.W.2d 557, 563–64 (Mo.1959)).

quired under the terms of the policy, as mandated by the MVFRL, i.e., $25,000.00, Insurer is not obligated to provide additional coverage for parents' derivative claims. *See Remspecher,* 941 S.W.2d at 702; *Butler,* 904 S.W.2d at 352–53; *Eaves,* 852 S.W.2d at 358–59.

The trial court's judgment is supported by substantial evidence and no error in law appears. *See Butler,* 904 S.W.2d at 351.

The judgment is affirmed.

MONTGOMERY, C.J., and PARRISH, P.J., concur.